### MIRICK v. HILL et al.

(Supreme Court, Special Term, Monroe County. August 23, 1893.)

APPEAL—UNDERTAKING—STAY OF PROCEEDINGS.
    Since Code Civ. Proc. § 1341, was amended in 1890 so as to dispense with the requirement that security should be given to perfect an appeal from a county court, an undertaking to stay proceedings on such appeal must be given as on appeal to the court of appeals.

Action by Mary W. Mirick, as executrix, against Sarah J. Hill and another. There was a judgment in favor of plaintiff, and defendants appealed. The judgment was affirmed. See 28 N. Y. Supp. 237. Pending said appeal, appellants moved to compel respondent to accept an undertaking given to stay proceedings. Granted.

H. D. Tucker, for plaintiff.
H. J. & W. H. Sullivan, for defendants.

RUMSEY, J. Before 1890 the Code of Civil Procedure required that upon appeals from an inferior court to the supreme court

security must be given to perfect the appeal, and such security did not stay proceedings upon the judgment appealed from. Code Civ. Proc. § 1341. In 1890 that section of the Code was so amended that security was not required to be given upon such an appeal to perfect the appeal, but the appeal became effective simply by a service of the notice of appeal. When, therefore, the notice of appeal was served in this action, all that was required to make it effective had been done. But that service did not stay proceedings. If it was desired to do that, security must be given as upon an appeal to the court of appeals from a judgment of the same amount. The security required to stay proceedings upon an appeal to the court of appeals is "a written undertaking to the effect that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed." Code Civ. Proc. § 1327. If such an undertaking as that is served, it is sufficient to stay proceedings, and the law requires nothing more for that purpose. It follows, I think, necessarily, that the undertaking served by the appellant here was sufficient in form to stay the proceedings upon the judgment. It is especially provided that the undertaking need not be approved. Code Civ. Proc. § 1335. This disposes of both of the respondent's objections. The order must be that the respondent must accept the offered undertaking.