EDWARDS & ANDERSON, V. E. A. OLIN AND G. A. OLIN,
Appellant.

Execution Sale: SUPERSEDEAS BOND: NOTICE OF.   A supersedeas
1   bond operates to stay proceedings under an execution in the
    hands of a sheriff, only upon proper notice to the sheriff, and a
    .sale of land made prior to notice of the countermand is valid.
    See sections 4128-4131, McClain's Code,

Priority of Liens: EXECUTION SALE.   Where a grantee of real estate
2   in a fraudulent conveyance subsequently purchases the same
    under an execution sale against the grantor, he is entitled, in
    an action by a creditor against such grantor to subject the
    land to the satisfaction of his lien, to priority, to the amount
    paid at the sale on execution.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER,
Judge.

THURSDAY, OCTOBER 8, 1903.

ACTION to recover indebtedness due plaintiff from
defendant E. A. Olin.   An attachment was sued out in
the action, which was levied on forty acres of land form-
erly belonging to E. A. Olin, and which had been trans-
ferred to defendant G. A. Olin, such transfer being, as
alleged, in fraud of plaintiff's rights as creditors of E. A.
Olin.   G. A. Olin claimed title not only by conveyance
from E. A. Olin, but by execution sale under a judgment
recovered in an action by the Clearfield Bank against E.
A. Olin, the certificate of such sale having been assigned
to G. A. Olin by the bank, and the sheriff's deed taken by
him.   On trial to the court judgment was rendered for
plaintiffs for $550 against E. A. Olin.   The court found
also that the conveyance to G. A. Olin was invalid as
against plaintiffs, having been given and accepted with
intent to defraud creditors; and that the sheriff's deed to

G. A. Olin was invalid for the reason that the sale was void, having been made after the filing of supersedeas bond and recall of the execution by the clerk of the court. The defendant G. A. Olin appeals.—*Reversed.*

*Spence & Smith* for appellant.

*Flick & Jackson* for appellee.

McCLAIN, J.—Errors are assigned on the admission of evidence, but the court seems to have allowed such evidence to be introduced subject to objection made, and it does not appear that any evidence which was subject to proper objection was considered by the court in reaching its conclusion. The findings are supported by ample evidence, without considering that which was objected to. The case seems to have been practically treated as in equity, without objection on the part of appellant, and, while appellant no doubt might have insisted on rulings, he did not do so, and cannot have a reversal, unless it appears that the evidence proper to be considered does not support the findings.

That the conveyance from E. A. Olin to G. A. Olin was executed and accepted for the purpose of defrauding creditors is not, to our minds, doubtful under the evidence. This question was before the court in the case of Clearfield Bank against these same defendants, 112 Iowa, 476, and that conclusion was reached. As to G. A. Olin's claim of title to the property by reason of purchase of the certificate of sheriff's sale from the Clearfield Bank, it is urged that the sale was made after the filing of the supersedeas bond, and therefore was invalid. The sale was by the sheriff of Ringgold county on an execution issued by the clerk of Taylor county. The supersedeas bond was filed and approved on the 20th of January, 1898, by the clerk of the district court of Taylor county, and he testifies that he immediately wrote the clerk of Ringgold county

recalling the execution. The sale by the sheriff of Ringgold county was on the day following. A careful examination of the abstract (which, by the way, is not accompanied by any index, as required by the statutes and rules of this court on the subject) fails to reveal any evidence that the recall of the execution was indicated in any way to the sheriff of Ringgold county before the sale. Our understanding of the statute (McClain's Code, sections 4128-4131) is that the supersedeas bond becomes effectual to prevent further action of the sheriff under an execution already in his hands only when the countermand from the clerk reaches the sheriff, and that a sale by the sheriff before the receipt of this countermand is valid. We are inclined, therefore, to the view that the Clearfield Bank had a valid certificate of purchase, which it could transfer to G. A. Olin, and that by the sheriff's deed to G. A. Olin he acquired the right which the Clearfield Bank had. But, as he was already the owner of the fee title by the conveyance from E. A. Olin, his purchase of the certificate simply extinguished the claim of the Clearfield Bank. G. A. Olin is therefore entitled to a lien on the property prior to the claim of plaintiffs to the extent of the amount paid. The consideration recited in the deed is $1,220.75, which represents the amount for which the property was sold to the Clearfield Bank, and for which the sheriff issued a deed. Counsel in argument assume that the amount paid by G. A. Olin to the bank was $1,440. Possibly this may be true, as the bank was entitled to interest in the event G. A. Olin should redeem. But we do not find any evidence in the record as to the amount actually paid.

1. Execution sale: supercedeas bond: notice of.

2. Privity of liens: execution sale.

Conceding, however, that G. A. Olin is entitled to priority to the extent of even $1,440, it appears that the property in controversy is of considerably greater value,

and probably of sufficiently greater value to satisfy plaintiffs' claim. It is, indeed, suggested in argument that the premises were covered by a mortgage of $1,200, but there is no competent evidence as to any such mortgage, nor does the record suggest any information with reference thereto which will enable us to take it into account in determining whether there is a surplus for the satisfaction of plaintiffs' claim. Our conclusion is that the lower court was in error in holding the assignment of the Clearfield Bank's certificate of sale to G. A. Olin to be in fraud of plaintiffs' claims, and the decree of the lower court is reversed, and the case is remanded, with direction that the property in controversy be sold, and, after deducting from the proceeds of the sale the amount paid by G. A. Olin to the Clearfield Bank in satisfaction of the certificate of sale held by it, not exceeding the amount which it would have been necessary to pay the bank in redemption from such sale, the balance be applied, so far as necessary, to the satisfaction of plaintiffs' judgment.—REVERSED.