Argued June 10, decided June 15, 1909.

## ANDERSON *v.* PHEGLEY.

[102 Pac. 603.]

APPEAL AND ERROR—NOTICE OF APPEAL—SUFFICIENCY.

1. Under Laws 1899, p. 228, and Laws 1901, p. 77, declaring that a notice of appeal shall be sufficient if it contains the title of the cause, the names of the parties, and notice to the adverse· party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from the judgment, order, decree, or some specific part thereof, a notice that defendant Emma G. Robinson appeals from all of the judgment and degree, excepting those portions adjudging to the appealing defendant liens on the property described in the decree, and that among the particular portions of the judgment and decree from which this defendant appeals are those adjudging liens for any sums in favor of plaintiffs or any of them against such property and from those portions giving judgment for any sum against this defendant, was sufficient.

APPEAL AND ERROR—APPEAL BOND—CONDITIONS.

2. Where, in a suit to foreclose certain contracts constituting an equitable mortgage on mining property, the court fixed the value of the use of the land, and the amount so fixed was included in the undertaking of appeal, it was not defective because it did not also secure the performance of the assessment work required by the laws of the United States in order to save the property from forfeiture, pending appeal.

APPEAL AND ERROR—SUPERSEDEAS.

3. An appeal, though not perfected until the expiration of the time for objections to the sufficiency of the sureties, operated as a supersedeas from the date of its service and filing.

APPEAL AND ERROR—SUPERSEDEAS—EFFECT.

4. Where, in a suit to foreclose an equitable mortgage' on mining property, one of the defendants perfected an appeal before sale, the sheriff should have continued the sale until after the time limited for objections to appellant's sureties, and then, in default of such objections, should have released the property.

APPEAL AND ERROR—SUPERSEDEAS—SALE AFTER APPEAL.

5. A sale under a foreclosure decree and an order confirming same after the perfection of an appeal by one of the defendants are invalid.

From Josephine : HIERO K. HANNA, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by T. K. Anderson and J. K. Anderson as administrators of the estate of N. A. Williamson, deceased, substituted for said deceased and Albert Phillip, against Grant Phegley and Emma G. Robinson and is brought to foreclose certain contracts held to constitute an equitable mortgage on mining property and ditches in Josephine County. A decree foreclosing these liens was entered March 1, 1909. On the same day an execution was issued and the property advertised to be sold on April 1st. A notice of appeal was served on March 22nd, and an undertaking on appeal, with provision for stay of proceedings, was served and filed March 29th. Nothwithstanding such notice and the filing of the undertaking, the property was sold and the sale confirmed by the court, over the objections of appellant, who appeals from the order of confirmation. The other facts necessary to the decision of this will be found in the opinion.                                       REVERSED.

For appellant there was a brief over the names of *Messrs. Gammans & Malarkey,* with an oral argument by *Mr. George G. Gammans.*

For respondent there was a brief over the names of *Messrs. Colvig & Durham,* with an oral argument by *Mr. George H. Durham.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Respondents concede that, if a sufficient notice of appeal was served and a proper undertaking filed, the order of confirmation is void. They challenge both the sufficiency of the notice and the undertaking. The notice, omitting the title of the court and the cause is as follows:

"Notice is hereby given that the defendant Emma G. Robinson appeals to the Supreme Court of the State of Oregon from all of the judgment and decree entered in the above-entitled court and cause, excepting those portions thereof whereby this defendant, Emma G. Robinson

is adjudged and decreed to have certain liens upon the property described in said decree and is to receive certain sums in case of the sale of the said property. Among the particular portions of said judgment and decree from which this defendant appeals are those adjudging and decreeing liens for any sums in favor of plaintiffs or any of them against the property in said decree mentioned or any part thereof, and from those portions giving judgment for any sum against this defendant."

We think the notice of appeal is sufficient. Previous to the amendments of 1899 and 1901 (Laws 1899, p. 228; Laws 1901, p. 77), a very strict rule prevailed, in respect to the certainty with which the judgment or decree appealed from should be described in the notice. Up to the date of these amendments there had been no statutory definition of what should constitute a sufficient notice. It was, no doubt, in view of this fact and of the hardships entailed by the strictness theretofore required, that the legislature saw fit to use this language:

"Such notice shall be sufficient if it contains the title of the cause; the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from the judgment, order, or decree, or some specific part thereof."

This notice exactly follows the statute, and, examining the transcript, it is easily seen that respondents could not fail to know what decree was appealed from.

2. This court, in *Keady* v. *United Ry. Co.,* (100 Pac. 658), a case occurring since the amendment of 1899, *supra,* had occasion to construe this statute on a motion to dismiss the appeal, and the views therein expressed are in line with our views in the case at bar. To speculate that, perhaps, there might be two decrees between the same parties in different suits, having the same title, is to suggest an improbability that it is unprofitable to pursue. When a case is brought before us, supported by affidavits and certified copies of the records, showing such a state of fact, it will be time to

decide what ought to be done. The court fixed the value of the use and occupation of the land at $1,500, and this amount was included in the undertaking on appeal. In other respects the undertaking is in the usual form and appears sufficient. It is objected that, as this is mining property held only by performing the annual labor required by the laws of the United States, which in this case would amount to about $3,000, appellant should have been required to give an undertaking conditioned in a sufficient amount to cover any loss by possible forfeiture of the property by reason of failure to perform the required assessment work. We recognize that there is some force in respondents' contention; but, as the law has not provided for such a contingency, neither this court nor the court below had any authority to require such an undertaking.

3. We are of the opinion that, while the appeal would only be perfected from the expiration of the time required to object to the sufficiency of the sureties, it operated as a supersedeas from the date of its service and filing, namely, March 29, 1909. 20 Enc. Pl. & Pr. 1227, 1229; *Sam Yuen* v. *McMann,* 99 Cal. 497 (34 Pac. 80) ; *Mirick* v. *Hill,* 30 N. Y. Supp. 853.

4. The sheriff should have continued the sale until after the time limited for objection to the sufficiency of the sureties, and then, in default of such objection, he should have released the property.

5. The order confirming the sale herein is set aside, and this cause is remanded to the lower court, with directions to require the sheriff to put appellant in possession of the property described in the execution and order of sale, pending the decision of the principal case on appeal.                                    REVERSED.