Argued May 24, reversed June 6, motion to substitute supersedeas bond overruled June 27, 1916.

# HANSEN *v.* ROBBINS.*

(157 Pac. 1112; 158 Pac. 405.)

**Appeal and Error—Restitution Undertaking—Premature Filing— Statute.**

1. An undertaking for restitution on appeal, under Section 553, L. O. L., must be filed within ten days from the time the appeal is perfected by giving or service of notice of appeal, and is prematurely filed before beginning of the ten-day period.

**Appeal and Error—Scheme of Appeals—Compliance With Statute.**

2. One who would avail himself of the provisions of the statutory scheme of appeals, undertakings, counter undertakings, justification of sureties and the like, must comply with its terms.

**Appeal and Error—Undertakings on Appeal—Operation—Statutes.**

3. An undertaking on appeal, or counter undertaking for restitution, under Sections 550, 553, L. O. L., filed in time, operates from the day of its filing, subject to the condition that it may be defeated on failure of the sureties to justify as against exception to their sufficiency, the obligation being only provisionally effective for the designed purpose until the question raised to the financial ability of the sureties is settled.

**Appeal and Error—Restitution Undertaking—Filing of Supersedeas Bond—Statute.**

4. A restitution undertaking on appeal, filed by plaintiff respondent under Section 553, L. O. L., at the time he issued execution and before appellant's supersedeas bond had been filed, was ineffective as not filed within the prescribed time and because there was nothing calling for its issue.

**Appeal and Error—Supersedeas Bond—Effect.**

5. In the absence of objections to a supersedeas bond, filed after entry of decree foreclosing a title bond given by plaintiff to defendant, it was effective at the time of sale of the property, and operated to prevent it.

**Appeal and Error—Restitution Bond—Time—Statute.**

6. Plaintiff brought action to foreclose a title bond, and the land was sold with direction for the application of the proceeds, and defendant appealed and filed a supersedeas bond. Plaintiff, without waiting for the lapse of time for excepting to the surety, filed a pur-

*For authorities dealing with the question of statutory requirements as to time of taking appeal when supersedeas is desired, see note in 66 L. R. A. 858.

As to necessity of compliance with statute when there is supersedeas, see note in 66 L. R. A. 864.     REPORTER.

ported restitution bond under Section 553, L. O. L., and, though defendant excepted to the sufficiency of the sureties, plaintiff at once directed the sale of the property, and, after confirmation, was put in possession by a writ of assistance, but on appeal it was *held* that the restitution bond had been prematurely filed. Section 550, subdivison 4, L. O. L., provides that after the time allowed to except to sureties in the supersedeas bond expires the appeal shall be deemed perfected, and Section 553 provides for the filing of a restitution bond within ten days after the appeal is perfected. *Held,* that after the expiration of the time for resisting the supersedeas bond, plaintiff could not be allowed to file a substituted restitution bond.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

Action by J. P. Hansen against A. B. Robbins. From all the proceedings of the court, after original decree foreclosing title bond given by plaintiff to defendant, and directing sale of land and application of proceeds to payment of the amount due on the purchase price named in the bond, defendant appeals.    Order confirming sale set aside, and cause remanded, with directions to require the sheriff to put the defendant in possession of the property described in the execution and order of sale, pending decision of defendant's appeal from the original decree.

On November 11, 1914, the Circuit Court entered a decree foreclosing a title bond given by the plaintiff to the defendant, and directed a sale of the land and the application of the proceeds to the payment of the amount due on the purchase price named in the bond. On November 30, 1914, the court fixed $1,500 as the amount to be named in the undertaking on appeal to cover the value of the use and occupation of the property.    An execution having been issued, the sale was advertised to take place on December 18th.    On December 17th, the day before the sale, the defendant filed his notice of appeal from the original decree and afterward an undertaking signed by himself and a surety

company conditioned for a stay of proceedings. That appeal became perfect in due course and is now pending in this court. On the same day the plaintiff filed an undertaking signed by himself and individual sureties, reciting that the defendant had made and filed a supersedeas undertaking on appeal and on plaintiff's part agreeing that he, as respondent, would pay all damages, costs and disbursements which might be awarded against him on appeal, and would make such restitution as the appellate court might direct if the judgment and decree appealed from should be reversed or modified. On the following day, but prior to the sale, defendant excepted to the sureties on the plaintiff's undertaking for restitution and required them to justify. Notwithstanding all this, under the direction of the plaintiff, the sale proceeded and he became the purchaser of the land. On December 22d, the defendant filed objections to the confirmation of the same, urging that it was irregular in face of his supersedeas bond, and that the restitution undertaking given by the plaintiff was ineffective. On January 9, 1915, on motion of the plaintiff the sale was confirmed, and afterward, on the 18th of that month, over the objections of the defendant a writ of assistance was granted to put the plaintiff in possession of the premises. From all the proceedings of the court after the original decree the present appeal was taken by the defendant.

REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. Alfred E. Reames.*

For respondent there was a brief and an oral argument by *Mr. W. E. Phipps.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is conceded that the undertaking on appeal given by the defendant in the first instance was sufficient in form to operate as a stay of proceedings pending the appeal. No objection to the sufficiency of the surety company was filed. Section 553, L. O. L., is here set down:

"If the judgment or decree has been given in an action or suit upon a contract, notwithstanding an appeal and undertaking for the stay of proceedings, the respondent may proceed to enforce such judgment or decree, if within ten days from the time the appeal is perfected he filed with the clerk an undertaking, with one or more sureties, to the effect that if the judgment or decree be reversed or modified the respondent will make such restitution as the appellate court may direct. Such undertaking may be excepted to by the appellant in like manner and with like effect as the undertaking of an appellant, and the sureties therein shall have the same qualifications."

It is said in Section 550, L. O. L., in substance, that within ten days from giving or service of notice of appeal the appellant shall cause to be served on the adverse party an undertaking on appeal, and within the same period shall file the same with the clerk with proof of service indorsed thereon. Within five days after service of the undertaking the adverse party shall except to the sufficiency of its sureties or be deemed to have waived his right thereto. It is further provided that the qualifications of such sureties shall be the same as in bail on arrest and, if excepted to, they shall justify in like manner; and that from the expiration of the time allowed to except to the sureties or from the justification thereof, if objection is made, the appeal shall be deemed perfected. It will be noted that the under-

taking for restitution must be filed within ten days from the time the appeal is perfected. In this instance the appeal had not been perfected, because the five days allowed for objection to the surety on appeal had not elapsed. The ten-day period within which the restitution undertaking is allowed to be filed had not yet begun. That obligation was therefore prematurely filed.

2, 3. The scheme of appeals, undertakings, counter-undertakings, justification of sureties and the like, is conventional, but it is statutory. If one would avail himself of any of its provisions he must comply with its terms. It is said in Anderson v. Phegley, 54 Or. 102, 105 (102 Pac. 603), that while the appeal would only be perfected from the expiration of the time required to object to the sufficiency of the sureties, the undertaking operated as a supersedeas from the date of its service and filing. In that case, however, there was no contention about the sufficiency of the undertaking or the surety underwriting the same. But the court, speaking by Mr. Justice McBRIDE, further said in the same opinion:

"The sheriff should have continued the sale until after the time limited for objection to the sufficiency of the sureties, and then, in default of such objection, he should have released the property."

In the light of this opinion the lesson to be deduced from the statute is that an undertaking filed in time, not prematurely nor too late, operates from the date of its filing subject to the condition that it may be defeated on failure of the sureties to justify as against the exception to their sufficiency. If objection is made to the financial reliability of the sureties, it challenges the operation of the undertaking until the question thus raised is settled, and until it is properly adjusted the obligation is only provisionally effective for the pur-

pose designed. The only effect that either undertaking can have on filing the same and until the justification of the sureties is accomplished or exception to their sufficiency is waived by the lapse of time is to preserve the *status quo,* so that the adverse party cannot take any affirmative step on his part until the statutory time for the same is at hand. The legislation in question has fixed an order of legal measures proper to be taken, and in the face of objection a party may neither hasten the march of events nor accelerate the statutory procedure. In a sense, the proffered undertaking is an offer to the opposite party to contract with him to restore him to his former estate in case his appeal shall be effective. In substance the statute allows the latter time to consider the sufficiency of the offer and the financial worth of the sureties. Of course this right to accept or reject the tender of security is fettered by the conditions which the statute imposes, but still the appellant has a right to rely upon them and enforce them. The respondent cannot ruthlessly ride over the regulations of the law. To hold otherwise would be to allow an execution creditor to file a straw bond with worthless sureties, force the execution sale, and afterward have his sureties refuse to present themselves for justification or fail if they did appear. Thus would the substantial rights of the judgment debtor be jeopardized without adequate security for his recompense.

4. There are two viewpoints from which we may consider the restitution undertaking, either of which renders it of no avail. In the first place, it was not filed within the period prescribed by the statute, namely, the ten days after the perfection of the appeal. It is manifest that it would not have been effective for the plaintiff to file it at the time he issued execution and before the supersedeas bond had been filed, and the

reason is that it would not have been within the time prescribed and there would have been nothing calling for its issue. It is to overcome the effect of a perfected appeal, coupled with a supersedeas bond, that the restitution obligation is allowed. Until such a state of affairs is in existence the time is not ripe for the latter undertaking, for no one can say that the appeal will be perfected so as to permit it. It is for this reason that the statute provides for its filing within the ten days succeeding the perfection of the appeal. The other feature is that the objections to the sureties on the restitution obligation, filed as they were before the sale took place, had not been adjudicated in any manner whatever, so that it was not effective, but was suspended in its operation.

5. In the absence of objections to the supersedeas bond filed by the defendant, it was effective at the time of sale and operated to prevent the same. Under all these circumstances the sale was without authority, and the effect is to overturn not only that transaction, but all that occurred afterward. On the authority of the conclusion reached in *Anderson* v. *Phegley,* 54 Or. 102, 105 (102 Pac. 603), the order confirming the sale is therefore set aside and the cause remanded to the lower court, with directions to require the sheriff to put the defendant in possession of the property described in the execution and order of sale pending a decision of the principal case on appeal.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

Overruled June 27, 1916.

## ON MOTION.

(158 Pac. 405.)

On motion by respondent to substitute restitution bond. MOTION OVERRULED.

*Mr. W. E. Phipps,* for the motion.

*Mr. Alfred E. Reames, contra.*

Department 2. MR. JUSTICE BURNETT delivered the opinion of the court.

6. The respondent moves this court for an order permitting him to file a new undertaking for restitution to supplant the one held invalid by the opinion filed herein June 6, 1916 (*ante,* p. 659 (157 Pac. 1112); the amount and condition of the same to be fixed by this court. He bases his motion upon the records of the cause and of Section 550, subdivision 4, L. O. L., together with accompanying affidavits. The substance of the sworn declarations referred to is that the plaintiff, having taken possession of the property January 26, 1915, under his writ of assistance, expended about $3,500 in improvements and equipment, and that he wishes to retain it for the purpose of recouping himself for these disbursements.

As narrated in the former opinion, the defendant appealed and filed his undertaking, conditioned to stay proceedings and signed by a surety company, the day before the sale under execution issued upon the decree. The plaintiff, without waiting for the time to elapse for excepting to the surety on appeal, filed what he deemed to be a restitution undertaking under Section 553, L. O. L., signed by individual sureties. The defendant

excepted to their sufficiency. In the face of all this, without further delay, plaintiff directed the sheriff to sell the property. Objections were made to the confirmation of sale on the ground that it was made notwithstanding the filing and execution of the defendant's supersedeas bond. All the objections were overruled, the sale confirmed, and a writ of assistance issued in favor of the plaintiff, whereby he was put into possession. On appeal from that order, we held that under the circumstances, the plaintiff had no right to file a restitution bond as soon as he did because the appeal had not been perfected on account of the time for exception to the sureties not having elapsed. Subdivision 4 of Section 550, L. O. L., reads thus:

"From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

This provision of the statute is in aid of appeal, and does not refer to the right to file a restitution undertaking under Section 553, L. O. L. This latter obligation can be filed only within ten days from the time the appeal is perfected. In a sense it is in derogation of the right of appeal. It contemplates overriding the appeal for the time being, and, taking the chance of an affirmance on the pledge that if the result is a reversal, the respondent will restore the appellant to his estate. As noted, the statute is plain that it is only within ten

days from the time the appeal is perfected that this restitution undertaking may be filed. In the former opinion we decided that this period had not yet begun when the plaintiff filed his restitution bond. The five days in which his right to except to the undertaking on appeal afterward lapsed and the appeal became perfected, at which time only the ten days began in which he could file the restitution undertaking. His filing was premature and of no effect. Since then his ten days of grace have elapsed and he no longer has any right to resist the effect of the supersedeas bond given by the defendant-appellant. In the first place he was premature. Now he is too late. It is beyond our power, within the terms of the statute, to allow him to file a restitution undertaking at this time.

THE MOTION IS OVERRULED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN absent.