[Civil No. 2056.   Filed June 18, 1923.]

[215 Pac. 926.]

# J. M. DICKSON, Appellant, v. THE BANK OF CHANDLER, a Corporation, Appellee.

1. APPEAL AND ERROR—QUESTIONS NOT PRESENTED BY ABSTRACT OF RECORD HELD NOT REVIEWABLE.—It is not the duty of the court to examine the original pleadings and the original transcript, but it is the duty of counsel preparing the abstract of record to prepare such an abstract as will present every question which it is desired that the court shall review.

2. PLEDGES—PLEDGEE RECEIVING PROCEEDS IN EXCESS OF DEBT MUST ACCOUNT FOR EXCESS.—When the pledgee receives proceeds on account of the pledged property, over and above the amount of the indebtedness for which the property is pledged, the indebtedness is thereby wiped out, and the pledgee must account to the pledgor for the surplus.

3. BILLS AND NOTES—PLEDGOR RENEWING NOTES GIVEN AS SECURITY FOR INDEBTEDNESS IS ESTOPPED BY KNOWLEDGE OF MISCONDUCT OF PLEDGEE FROM SETTING UP DEFENSE.—Lessee of defendant's farm executed two notes as security for payment of rental. After his cotton crop was started he secured the notes by a crop mortgage. Lessor pledged both notes and mortgage to plaintiff bank, and the bank later obtained physical possession of the bale and gin receipts on the cotton. Lessor gave renewal notes on his indebtedness, knowing that the bank had assisted in procuring loans to his lessee, and had delivered as security for the loans bale and gin receipts held by it as pledgee, and had credited the proceeds to the lessee. *Held,* that lessor was estopped by his knowledge and acquiescence from claiming extinguishment of his debt and lack of consideration for the renewal notes.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   Frank H. Lyman, Judge. Affirmed.

Messrs. Struckmeyer & Jennings and Mr. C. L. Strouse, for Appellant.

Mr. G. W. Silverthorn and Mr. Arthur E. Price, for Appellee.

See 4 C. J., p. 521; 21 C. J., pp. 1216, 1218; 31 Cyc. 855.

CHAMBERS, Superior Judge. — The appellee brought this action to recover from the appellant upon two promissory notes aggregating the sum of $8,486.60, together with interest and attorney fees. The notes sued on are dated January 22, 1921, and January 24, 1921, and were renewals of a previous indebtedness. In February, 1920, the appellant leased certain real estate in Maricopa county, Arizona, to one W. A. Bales, for the agreed rental of $10,380. To secure the payment of this rent Bales executed to the appellant two notes for the sum of $5,190 each, payable on December 15, 1920. On the twenty-fourth day of May, 1920, after his cotton had been planted, and was above the ground, Bales executed and delivered to Dickson a crop mortgage to secure these notes. On the same day the appellant pledged the Bales notes and mortgage with the appellee as collateral security for his indebtedness to the appellee. In October, 1920, the gin or bale receipts for the cotton covered by the above mortgage were placed in the physical possession of the appellee, the Bank of Chandler. Thereafter, and during the said month of October, 1920, the Bank of Chandler assisted in and allowed certain loans to be made by Calder & Richmond, of New Bedford, to W. A. Bales, aggregating the sum of $6,986.45, and the appellee delivered to Calder & Richmond, as security for these loans, bale or gin receipts for thirty-nine bales of cotton covered by the mortgage from Bales to appellant, which mortgage had been pledged with the appellee. In November, 1920, the appellee assisted in and allowed certain loans to be made by one J. H. Ramboz, representing the Los Angeles Clearing House, to W. A. Bales, aggregating the sum of $8,841.10. The Bank of Chandler delivered to J. H. Ramboz, as security for these loans, bale or gin receipts for seventy-eight bales of cotton covered by

the mortgage from Bales to appellant. The sums represented by these two loans aggregated $15,827.55, which were received by the Bank of Chandler and placed to the credit of the personal account of Bales. The appellee claims, and introduced testimony to the effect, that these loans were made with the knowledge and consent of the appellant. The appellant testified that he did not know that the Bank of Chandler had received as loans any money on the Bales cotton. It is claimed by the appellee that this money was loaned to Bales by Calder & Richmond and by Ramboz for the purpose of enabling him to pick and gin the cotton, and thus preserve the security. The cashier of the bank testified that such was the purpose of the loans, but it also appears that the loans were made after some of the cotton was both picked and ginned, and the money was deposited in the Bank of Chandler to the credit of W. A. Bales. The court directed a verdict in favor of the appellee.

The appellant claims the renewal notes were without consideration, and makes three assignments of error. The first and third assignments of error are not presented by the abstract of record. It is not the duty of the court to examine the original pleadings and the original transcript. It is the duty of counsel preparing the abstract of record to prepare such an abstract as will present every question which it is desired that the court shall review. *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Donohoe* v. *El Paso etc. R. Co.,* 11 Ariz. 293, 94 Pac. 1091; *Daggs* v. *Howard Sheep Co.,* 16 Ariz. 283, 145 Pac. 140. However, in this case what is said in the opinion relative to the second assignment of error is alike applicable to the first and third assignments of error.

The second assignment of error is to the effect that the court erred in directing a verdict for the

appellee for the reason that the evidence clearly shows that the notes herein sued on were given for the purpose of renewing the debt which was secured by the pledge of the Bales notes and mortgage; that, prior to the making of the notes sued on, the appellee received into its physical possession proceeds on account of the pledged property greatly in excess of the secured debt; that the secured debt was then extinguished prior to the making of the notes sued on, and there was no consideration for the notes, and that the appellee held the excess of the proceeds over and above the secured debt as trustee for the appellant, and is liable to the appellant for such excess. In support of this assignment appellant states the following proposition:

"When the pledgee receives proceeds on account of the pledged property, over and above the amount of the indebtedness for which the property is pledged, the indebtedness is thereby wiped out and extinguished and the pledgee must account to the pledgor for the surplus of the proceeds over and above the indebtedness."

As an abstract proposition of law, this statement is correct. However, we are of the opinion that the appellant is estopped in this case from setting up this defense as against the renewal notes. The record shows very plainly that Dickson had knowledge of the loans made upon the bale receipts by Calder & Richmond and Ramboz, at the time that he executed the renewal notes to the Bank of Chandler. Dickson on the witness-stand does not deny this; he does say that he did not know that the Bank of Chandler had received as loans any money on the Bales cotton. This is not a denial of knowledge that Bales had received money from Calder & Richmond or Ramboz. The record, then, supports the inevitable conclusion that Dickson had knowledge of these loans by Calder

& Richmond and Ramboz, when he executed the renewal notes to the Bank of Chandler. It would appear, then, that he must at least have acquiesced in and permitted the loans by Calder & Richmond and Ramboz, if he did not give actual consent. Such being the case, the fact that the Bank of Chandler may have acted as the agent of Calder & Richmond and Ramboz in making the loans, and that after the loans were made the money was deposited in the bank of the appellee to the credit of Bales, would be immaterial.

"Where a person with actual or constructive knowledge of the facts induces another by his words or conduct to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, such person is estopped from repudiating the transaction to the other's prejudice." 21 C. J. 1216.

So in this case it is apparent that the appellant acquiesced in these loans by Calder & Richmond and Ramboz. If he did so the impairment of his security was as much his fault as it was the fault of the Bank of Chandler. Had he expressed his disapproval of these loans at the time they were made, the bank might then have protected itself. It does not appear that the bank in any way profited by the transaction. The evidence being undisputed that Dickson had knowledge of the loans, the appellee, in reliance upon the acquiescence of Dickson, altered its position by permitting Bales to have the proceeds deposited to his own credit, and the question whether or not the money was used for picking and ginning the cotton becomes immaterial. The appellant is now estopped, by circumstances in which he acquiesced, from claiming that the original notes were paid, and that the renewal notes were without consideration.

We are of the opinion that the court was correct in directing a verdict for the plaintiff. The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

N. B.—LYMAN, J., being disqualified, Honorable W. R. CHAMBERS, Judge of the Superior Court of the State of Arizona, in and for the County of Graham, was called to sit in his stead in the hearing of this cause.