[Civil No. 2168.  Filed August 1, 1924.]

[227 Pac. 985.]

# J. W. COLVIN, Appellant, v. WILLIAM WEIGOLD, Appellee.

1. APPEAL AND ERROR—RECORD EXAMINED FOR ANY PREJUDICIAL ERRORS NOTWITHSTANDING FAILURE TO SPECIFY GROUND OF ERROR ASSIGNED.—Where appellee alleging failure of assignment of error to specify ground of error, as required by Supreme Court Rule XII, subdivision 1, did not pursue course outlined in Civ. Code 1913, paragraph 1262, Supreme Court examined record, not only for fundamental error, but for any errors prejudicial to appellant's rights.

2. MORTGAGES—PAROL AGREEMENT TO EXTEND TIME FOR PAYMENT IF MORTGAGOR PAID OFF SECOND MORTGAGE HELD VOID FOR WANT OF CONSIDERATION.—Parol agreement by mortgagee to extend time for payment of note and mortgage if mortgagor would pay off second mortgage, which he did, *held* void for want of consideration, and hence no defense to foreclosure suit.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  Frank H. Lyman, Judge. Affirmed.

Mr. Weldon J. Bailey, for Appellant.

Mr. R. W. Smith, for Appellee.

LAMSON, Superior Judge.—This action was brought by appellee, Wm. Weigold, as plaintiff, to foreclose a mortgage executed by the defendants, W. W. Fagg and Ada L. Fagg, his wife, upon the premises described in the complaint.  George Walters, being a record owner of the second mortgage on said premises, and J. W. Colvin, the appellant herein, being in possession of the premises under the mortgagor, were made parties defendant.  A general de-

1.  See 2 R. C. L. 159.
2.  See 6 R. C. L. 916; 19 R. C. L. 306.
    See 3 C. J. 1398; 27 Cyc. 1413.

murrer and answer on behalf of all defendants was filed May 16, 1922. Defendants' demurrer was overruled on May 22, 1922, and an amended answer (being the answer set out in appellant's abstract of record) was filed May 29, 1922. Plaintiff filed a . motion to strike and interposed a demurrer to this amended answer, and on July 3, 1922, the motion was granted and the demurrer sustained, with leave to amend. On July 6, 1922, a second amended answer was filed on behalf of defendants Colvin and Walters (the other defendants having previously filed separate answers admitting the allegations of the complaint). Plaintiff filed his motion to strike this second amended answer, and on July 17, 1922, this motion was granted, with leave to amend. Defendant Walters filed a separate answer disclaiming any interest in the premises and repudiating the former answers filed in his behalf. Defendant Colvin failed to amend further, and on July 31, 1922, judgment was rendered for the plaintiff as prayed for. Defendant Colvin gave notice of appeal to this court: (1) From the whole of that certain order striking the answer of this defendant; (2) From the whole of that certain judgment rendered and entered against this defendant in favor of the plaintiff.

The brief of appellant contains but one assignment of error: That the court erred in striking defendant's answer. This assignment, while indicating the ruling complained of, fails to specify the ground of error as required by Rule XII, subd. 1, of the rules of this court. Appellee takes the position that, this assignment being insufficient, nothing remains for the court, except to examine the record for fundamental error. Appellee, however, has not pursued the course outlined in paragraph 1262 of the Civil Code of 1913, and we have assumed the burden of examining the record, not only for fundamental error, but also have

searched for any errors prejudicial to the rights of appellant.

The only ruling of the lower court complained of is the granting of a motion to strike appellant's first amended answer, this being the only answer contained in the abstract of record. This answer attempts to set up, by way of defense, a parol agreement between appellant and appellee, whereby appellee agreed to extend the time of payment of the note and mortgage sued on, for a period of two years, provided appellant would immediately pay off the second mortgage due to defendant Walters, and further alleges that appellant did pay said second mortgage, and that therefore the note and mortgage sued on in the complaint were not yet due. It is apparent that the existence of the second mortgage to defendant Walters was of no concern to appellee, as said second mortgage could have no effect on his rights as holder of the first mortgage. It is entirely immaterial to him whether the second mortgage was paid or not. The promise to pay the second mortgage could not in law have constituted any consideration for the purported agreement as alleged in the amended answer. The alleged agreement being void for want of consideration, it could have constituted no defense to plaintiff's cause of action, and there was no error in the ruling of the court below sustaining the demurrer to the amended answer and granting the motion to strike the same.

Finding no error in the record the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LYMAN being disqualified, Hon. RICHARD LAMSON, Judge of the Superior Court of Yavapai County, was called to sit in his stead.