[Civil No. 2168.    Filed April 4, 1925.]

[234 Pac. 555.]

## J. W. COLVIN, Appellant, v. WILLIAM WEIGOLD, Appellee.

1. APPEAL AND ERROR—FACTS NOT APPEARING IN RECORD NOT CONSIDERED FOR ANY PURPOSE.—Purported facts stated in motion for rehearing, which do not appear in record, cannot be considered for any purpose.

2. APPEAL AND ERROR—SUPREME COURT WILL NOT GO BEHIND ABSTRACT OF RECORD.—Supreme Court will not go behind abstract of record.

3. MORTGAGES—PAYMENT OF SECOND MORTGAGE HELD NO CONSIDERATION FOR AGREEMENT TO EXTEND TIME.—Payment of second mortgage by one who, so far as record discloses, is stranger to transaction, is no consideration for first mortgagee's agreement to extend time under first mortgage, such payment being of no benefit to latter.

4. APPEAL AND ERROR—RIGHT TO EXTEND REDEMPTIVE PERIOD NOT CONSIDERED AT INSTANCE OF STRANGER TO TRANSACTION.—Where statutory time for redemption has expired pending appeal from decree of foreclosure, court will not consider whether or · not it has right to extend period, where record does not affirmatively show that appellant was other than stranger to transaction, or that he ever had any right of redemption.

See (1) 4 C. J., pp. 553, 639. (2) 4 C. J., p. 553. (3) 27 Cyc., p. 1413. (4) 4 C. J., p. 649.

On motion for rehearing on appeal from a judgment of the Superior Court of the County of Maricopa. Frank H. Lyman, Judge. Motion denied.

For opinion, see 26 Ariz. 556, 227 Pac. 985.

Mr. Weldon J. Bailey and Mr. John W. Ray, for Appellant.

Mr. R. W. Smith, for Appellee.

LAMSON, Superior Judge.—Appellant has filed his motion for rehearing on the ground that this court erred in holding that no consideration existed for the alleged agreement set out in appellant's amended answer. The motion also contains a long statement of purported facts, which do not appear in the record, and therefore cannot be considered by this court for any purpose.

The only pleading of appellant appearing in the abstract of record is the first amended answer, which was stricken by the trial court. There are

no allegations in this answer showing that appellant had any interest in the premises covered by the mortgage, or that he had any lien thereon. There is an allegation that he paid off a second mortgage. The judgment of the lower court was not abstracted, and we have held we will not go behind the abstract. *Dickson* v. *Bank of Chandler,* 25 Ariz. 243, 215 Pac. 926.

We have carefully examined the authorities cited by appellant, and find them not applicable to the situation before us. The rule is laid down in 1 Elliott on Contracts, section 236:

"The promise to extend the time must be supported by a consideration. If the creditor is promised nothing but that which he is already legally entitled to, there is no consideration for the promised extension, and it may be abrogated at any time."

So far as the record discloses, appellant was an entire stranger to the transaction. It appears that the defendants, W. W. Fagg and wife, the makers of the note and the parties primarily liable thereon, not only were not parties to the alleged agreement for an extension, but appeared by answer in the court below, and admitted that the note and mortgage were due at the time of filing the complaint. It seems clear that the alleged promise of extension made to a stranger was a mere gratuitous promise, made on condition perhaps, but absolutely without consideration. It is often difficult to determine whether words of condition in a promise indicate a request for a consideration or state a mere condition in a gratuitous promise. An aid, though not a conclusive test, in determining which construction is more reasonable, is an inquiry whether the happening of the condition will be a benefit to the promisor. If so, it is a fair inference that the happening was requested as a con-

sideration. On the other hand, if, as in the present case, the happening of the condition will be of no benefit to the promisor, the event on which the promise is conditional, though brought about by the promisee in reliance on the promise, will not properly be construed as consideration. See 1 Williston on Contracts, § 112.

We find no authorities holding that the payment of a second mortgage under the circumstances appearing here would constitute a consideration for an extension of time by the mortgagee under the first mortgage.

Appellant also asks this court to extend the time of redemption from the foreclosure sale, the statutory time having expired pending this appeal, and permit appellant to redeem. It does not appear from the record that any judgment was rendered which would in any way affect appellant. It is not necessary to consider the question as to whether or not this court has the power to extend the statutory time of redemption in any case. Appellant clearly is not entitled to any such order, as it does not affirmatively appear from the record that he has now, or has ever had, any right of redemption. This request appears to be without merit.

It appears that the law was correctly stated in the original opinion, 26 Ariz. 556, 227 Pac. 985. The motion for rehearing is denied.

McALISTER, C. J., and ROSS, J., concur.