[Civil No. 2537.   Filed February 28, 1927.]

[253 Pac. 633.]

J. W. COLVIN, Appellant, v. IRA RAY WEIGOLD, Administrator With the Will Annexed of WILL-IAM WEIGOLD, Deceased, and IRA RAY WEI-GOLD, Individually, Appellees.

Mr. John W. Ray, for Appellant.

Mr. O. E. Schupp, for Appellee.

ROSS, C. J.—On July 31, 1922, William Weigold, in a suit in which William Fagg and wife and one George Walters and one J. W. Colvin were defendants, procured a judgment of foreclosure and an order of sale of lots 11 and 12, block 2, Park place, Glendale, Maricopa county.

On August 7, 1922, a special execution or order of sale was issued on said judgment directing the sheriff to sell said lots. In accordance therewith the sheriff advertised the property for sale on September 1, 1922, and on that date sold the property to the judgment creditor, Weigold, for the amount of his judgment and costs and accruing costs, or for $1,860.92, and issued to the purchaser a certificate of sale as provided by law. From such judgment, on January 23, 1923, Colvin perfected his appeal, and filed a *supersedeas* bond.

On March 1, 1923, about one month after the *supersedeas* bond had been filed, the sheriff executed and delivered to Weigold a sheriff's deed of said premises. Thereafter, it being called to the attention of the court that said deed was issued one day before the expiration of six months from the date of sale, it was set aside, and the sheriff executed and delivered another deed of the premises to Ira Ray Weigold, administrator with the will annexed of William Weigold, who had died in the meantime.

This court affirmed the judgment of the lower court on August 1, 1924 (26 Ariz. 556, 227 Pac. 985), and, on rehearing on April 4, 1925 (27 Ariz. 569, 234 Pac. 555), again sustained the judgment of the lower court.

Thus far Colvin had failed to lay any claim to or assert any interest in the premises. 27 Ariz. 569,

234 Pac. 555. When, however, the mandate reached the lower court, Colvin, contending, among other things, that the *supersedeas* bond had the effect of staying all proceedings, including the execution and delivery of the sheriff's deed, filed his verified motion, setting forth therein that he was the purchaser of said premises from the mortgagors (Faggs), and was also the owner by assignment from Walters of a junior mortgage thereon, and asked that the deed be set aside, and he be permitted to redeem by paying the judgment, interest and costs, at the time, as we understand the record, making a tender to that effect into the court. This motion was first made on April 13, 1925, and thereafter, on May 27, 1925, amended or amplified by another motion to vacate and set aside the deed, upon the several grounds hereinafter considered. The motion was disallowed by the court, and Colvin has appealed from the order refusing to set aside the deed.

We take up the several grounds set out in the motion and urged by Colvin as reasons why the relief asked by him should be granted. His first contention is that the *supersedeas* had the effect of suspending the sheriff's power to execute and deliver the deed to the purchaser, notwithstanding the sale had taken place long before the *supersedeas* bond was filed.

Under the statute, paragraph 1241, Civil Code, an appellant may suspend the execution of a judgment when it is for the recovery of money by filing with the clerk a bond as therein conditioned, and upon the filing of such bond it is provided in paragraph 1244 that the execution of the judgment and of further proceedings thereon shall be stayed, and, if the execution has issued, it is the duty of the clerk forthwith to give notice to the sheriff recalling the execution, and no further proceedings thereon shall be had.

The object and effect of a *supersedeas,* as stated in *Runyon* v. *Bennett,* 4 Dana (Ky.), 598, 29 Am. Dec. 431, are:

"To stay future proceedings, and not to undo what is already done. It has no retroactive operation, so as to deprive the judgment of its force and authority from the beginning, but only suspends them after and while it is itself effectual."

In 3 C. J. 1323, section 1450, it is said:

"In some jurisdictions the execution is superseded and the levy discharged, but the prevailing rule is that the *supersedeas,* since it does not annul or undo what has already been done, does not discharge the previous levy or the lien thereby acquired, but merely suspends further proceedings under the same. Of course, if the execution has not been levied, it is entirely superseded; and on the other hand, if the judgment has been completely executed by levy and sale, there is nothing upon which a *supersedeas* can operate, and it will be ineffectual."

This case falls within the last proposition; the order of sale having been fully executed at the time *supersedeas* bond was filed. *Boise County* v. *Gorman,* 19 Wall. (U. S.) 661, 22 L. Ed. 226 (see, also, Rose's U. S. Notes); *Hoppe* v. *Hoppe,* 99 Cal. 536, 34 Pac. 222; *Edwards* v. *Olin,* 121 Iowa 143, 96 N. W. 742; *Hansen* v. *Robbins,* 80 Or. 659, 157 Pac. 1112; *Anderson* v. *Phegley,* 54 Or. 102, 102 Pac. 603.

Our statute seems to confirm this proposition in that it provides (paragraph 1373, Civil Code):

"Upon sale of real property, the purchaser is substituted to and acquires all the right, title and interest and claim of the judgment debtor thereto. . . ."

Under this statute, we take it, the substitution is as of the time of the sale, subject only to the right of redemption. *Western Land & Cattle Co.* v. *National Bank,* 29 Ariz. 51, 239 Pac. 299.

The second ground of the motion was that—

"The notices of sale were not posted as required by law, nor was publication in a newspaper made as the law requires, nor in a paper reasonably calculated to give this defendant, or the public who might be interested in buying the property notice of such sale."

This motion was supported by the affidavit of Colvin to the effect that he did not see any notice posted or published; that the "Buckeye Valley News," in which the return of the sheriff shows the notice was published, was not a newspaper of general circulation in Maricopa county; that nearer to the land sold were published newspapers of general circulation, one in Glendale and two dailies in Phoenix.

The statute provides (paragraph 1367):

"Notice of sale under execution shall be made as follows:

"(3) In case of real property, by posting notices in three public places in the county, one of which shall be at the court house door, and publishing a copy thereof in some newspaper printed within the county, if there be one, for three weeks before the day of sale."

The affidavit fails to show that the legal notice was not given. Perhaps the statute ought to require that the notice be published in the newspaper of general circulation nearest the land, but it does not. So far as the impeaching affidavit is concerned, the sheriff strictly complied with the statute in posting and publishing notices.

In the same motion another reason was urged to the court as a ground for setting aside the sheriff's deed; it being stated as follows:

"The property directed to be sold consists of two separate parcels or lots and so described and are and were then of the reasonable value of four thousand dollars ($4,000), but they were sold as one parcel to the plaintiff, the only bidder, at the price

of his debt and costs, and was not offered separately.''

The supporting affidavit is to the effect that the property was reasonably worth four thousand dollars; that it consists of two suburban lots of two and three-quarter acres; and that affiant believes the house and the one lot on which it was located could have been sold for more than enough to cover the judgment, costs, etc.

Construing paragraphs 554 and 4116, Civil Code, providing the form of judgment in mortgage foreclosures, it is apparent that it was intended that the sheriff should not sell all of the mortgaged property, if the judgment could be satisfied by a sale of a portion thereof. The test of the sheriff's ability to realize the judgment on a sale of less than the whole is the offers or bids that he was able to receive. From the showing made he may have offered to sell the two lots separately and received no bids (the showing being silent as to that), in which case his duty would require him to offer the entire property.

It is further contended in the motion that the deed should have been set aside because ''no report of such sale under the court's order has ever been made to, or confirmed by the court.''

Paragraph 1373, Civil Code, provides that the officer who sells real estate must give to the purchaser a certificate of sale describing the property sold, the price paid, and stating whether it is subject to redemption, and file a duplicate thereof in the office of the county recorder of the county. Paragraph 1375 provides that the judgment debtor, or his heirs, executors, administrators or grantees, may redeem at any time within six months after date of sale. And paragraph 1380 provides that, if no such persons redeem, and none of the persons given the right of redemption claim such right in

the manner therein provided, the sheriff shall execute and deliver a deed of the property sold to the purchaser at the sale.

Under these provisions the power of the sheriff to execute and deliver the deed to purchaser is not dependent upon his first making a report of the sale and thereafter securing an order of confirmation of such sale by the court. His powers and duties in that respect are defined by the statute, and are not subject to the control of the court for their validity; at least as long as he regularly pursues his authority.

The fact that the first deed was set aside because prematurely issued does not affect the situation. Colvin's right of redemption as the successor to the Faggs expired in six months after the date of the sale, and thereafter, even though no deed had been issued, he was not entitled to redeem; his right being lost. As was said in *Western Land & Cattle Co.* v. *National Bank, supra,* the right of redemption is statutory, and may not be extended even by decree of court, and, we add, nor by the delay of the sheriff promptly to execute and deliver deed to purchaser after the expiration of the right of redemption.

As the matter was presented, we are satisfied that the ruling of the lower court was right, and that the appeal therefrom is without merit. The order refusing to set the deed aside is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.