[Civil No. 1010. Filed March 27, 1908.]

[94 Pac. 1091.]

MICHAEL DONOHOE, Plaintiff and Appellant, v. THE EL PASO AND SOUTHWESTERN RAILROAD COMPANY, a Corporation, Defendant and Appellee.

1. ESTOPPEL—LACHES—EJECTMENT—TRESPASS.—Where a homesteader knows of a public right of way and grade across his entry and that the railroad company was constructing their road, remains inactive, and permits it to go on and complete the same, and, after the completion thereof, to operate it for three years,, he is estopped from maintaining either ejectment or trespass.

2. APPEAL AND ERROR—RECORD—REVIEW — EVIDENCE — SUFFICIENCY.—
Where the abstract of record contains only a small portion of the
evidence, the supreme court will not consult the reporter's tran-
script of evidence to supply the omission, and will not consider an
objection that the evidence is not sufficient to support some of the
findings of fact.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for the County of Cochise.
Fletcher M. Doan, Judge. Affirmed.

Affirmed.    Opinion, 214 U. S. 499.

The facts are stated in the opinion.

John McGowan, and Webster Street, for Appellant.

Ejectment will lie in this case. *International etc. Ry.* v.
*Benitos,* 59 Tex. 326, 10 Am. & Eng. R. R. Cas. 122; *Smith*
v. *Chicago etc. Ry. Co.,* 67 Ill. 191; *Sherman* v. *Milwaukee
Ry. Co.,* 40 Wis. 645, 13 Am. St. Rep. 459.

Herring, Sorin & Ellinwood, for Appellee.

Citing authorities relied upon by the court in its opinion
herein on the question whether or not the plaintiff is estopped
to maintain ejectment or trespass.

CAMPBELL, J.—Appellee is a railroad corporation organ-
ized under the laws of the territory, and has the power of
eminent domain.    In conformity with its charter rights it con-
structed and is operating a railroad within this territory.
Appellant seeks in this action to recover the possession of a
strip of land over which the railroad is constructed, rent and
profits for its detention for a period of five years, and for
injuries to the land so occupied.    The strip of land in con-
troversy forms a part of appellant's homestead entry, which
he made upon the public lands in December, 1900, and for
which he received a patent in 1903.    Appellant testified at
the trial, and the court found, that the first time he saw the
land in question was in June, 1901, and that there was a rail-
road grade upon it at that time, and "that the plaintiff saw
and had knowledge of said right of way and railroad grade,
and that the same was the right of way and railroad grade of

the El Paso and Southwestern Railroad Company, the defend-
ant, and that said grade was built upon said right of way
and completed over a part of it, and tracks and siding were
laid upon said grade. The grade and track were completed
just about the north end of said tract of land, and later the
grade and railroad track were laid through and completed.
After the railroad was completed the plaintiff saw it, and had
knowledge of its existence, and since then the said railroad
company has been operating and running its trains over said
right of way and lands, with the full knowledge of plaintiff,
and to the knowledge of plaintiff said railroad company has
occupied said right of way, running and operating its trains
thereover, for three years.'' From a judgment in favor of
defendant, plaintiff has appealed.

The only question requiring our attention upon the record
as presented is whether ejectment or trespass may be main-
tained, and we have no hesitancy in holding that they may
not be. This has been determined so authoritatively, that
discussion by us is wholly unnecessary. In *Northern Pacific
R. R. Co.* v. *Smith,* 171 U. S. 260, 18 Sup. Ct. 794, 43 L. Ed.
157, it is said: ''This subject was fully considered by this
court in the case of *Roberts* v. *Northern Pacific R. R.,* 158 U.
S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873, where, upon the fore-
going authorities and others, it was held that, if a land owner,
knowing that a railroad company has entered upon his land
and is engaged in constructing its road without having com-
plied with a statute requiring either payment by agreement
or proceedings to condemn, remains inactive and permits it
to go on and expend large sums in the work, he is estopped
from maintaining either trespass or ejectment for the entry,
and will be regarded as having acquiesced therein, and will
be restricted to a suit for damages.'' See, also, *City of New
York* v. *Pine,* 185 U. S. 93, 22 Sup. Ct. 592, 46 L. Ed. 820.

Appellant complains of rulings of the court admitting and
rejecting evidence, but we see no merit in his objections. He
also complains that there is no evidence in the record to jus-
tify some of the findings of fact made by the court; but, since
it appears from the abstract of record he has incorporated in
it only a small portion of the testimony, we cannot pass upon
the merits of his contention. Where an appellant fails so
completely to comply with the rules of the court, we will not
make an excursion into the reporter's transcript of testimony

to supply what he has deliberately omitted. *Liberty Mining & Smelting Co.* v. *Geddes* (Ariz.), 90 Pac. 332.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.