[Civil No. 1114.  Filed April 2, 1910.]

[108 Pac. 247.]

PHOENIX RAILWAY COMPANY, a Corporation, Defendant and Appellant, v. LEE H. LANDIS, Administrator of the Estate of GEORGE W. SANDERS, Deceased, Plaintiff and Appellee.

1. APPEAL AND ERROR — RECORD — PRESUMPTIONS—OBJECTIONS.—Where the record on appeal merely recites that answers of witnesses were received "over the objections of counsel for the defendant," without disclosing the grounds, if there were any, upon which the objections were based, it will be assumed that the objections were general ones.

2. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF OBJECTIONS.—General objections to long hypothetical questions to physicians as witnesses, which questions purport to

recite facts in evidence upon which the opinions of the witnesses are sought, are insufficient.

3. APPEAL AND ERROR—ABSTRACTS OF RECORD—NECESSITY FOR RESORT TO TRANSCRIPT.—Under Supreme Court Rule 1, subdivision 6 (8 Ariz. iv, 71 Pac. vi), providing that the abstracts of record as filed will be treated by the court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error, the court will not resort to the transcript to ascertain the form of objections made to testimony.

4. TRIAL—INSTRUCTIONS.—In a death action, tried throughout on the theory that the damages, if any, were such as were suffered by decedent's estate, where there was no testimony as to the existence of anyone dependent upon decedent, nor that anyone had suffered pecuniary injury from his death, and the jury were plainly charged that the damages to be awarded were those suffered by the estate, a charge that it was not necessary for plaintiff to show the precise money value of decedent's life, or the exact damages suffered by the beneficiaries, to sustain a recovery of substantial damages, was not misleading through the use of the word "beneficiaries," though inappropriate, as allowing a recovery by those dependent upon decedent who had suffered.

5. WORDS AND PHRASES—"BENEFICIARY."—The word "beneficiary" does not appear to be recognized by lexicographers as having the precise meaning usually given it when employed in actions to recover damages by wrongful death, but to designate the person beneficially interested in a trust, being so defined by statute in some states, and the word is also used to designate a person to whom a policy of insurance is payable (citing 1 Words and Phrases, 750).

6. DEATH—DAMAGES—EXCESSIVENESS.—Decedent was sixty-two years of age at his death, and by profession a mining engineer. There was evidence tending to show that prior to the injuries resulting in his death he was in robust health, and was, and for some time had been, in the employment of a mining company at a salary of $100 a month, with a house and provisions for himself and wife. His life expectancy was twelve and eighty-six one-hundredths years. *Held,* that a recovery of $5,000 for his death was not excessive.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Chalmers & Wilkinson and Paul Burks, for Appellant.

The complaint should have stated the names of the beneficiaries and should have alleged the extent of pecuniary dam-

age they had suffered. *Hurst* v. *Detroit City Ry. Co.*, 84 Mich. 539, 48 N. W. 44; *Orgall* v. *Burlington & M. R. R. Co.*, 46 Neb. 4, 64 N. W. 450; *Thompson* v. *Chicago etc. Ry. Co.*, 104 Fed. 845; *Chicago, Burlington & Quincy Ry. Co.* v. *Van Buskirk*, 58 Neb. 252, 78 N. W. 514; *Chicago, Burlington & Quincy Ry. Co.* v. *Bond*, 58 Neb. 385, 78 N. W. 710; *Regan* v. *C. M. & St. P. Ry. Co.*, 51 Wis. 599, 8 N. W. 292; *Kansas & Pacific Ry. Co.* v. *Miller*, 2 Colo. 445.

Instructions should be so framed that they will not only state the law correctly, but be entirely in harmony with each other. *Hoben* v. *Burlington etc. R. R. Co.*, 20 Iowa, 562; *Chicago etc. R. Co.* v. *Payne*, 49 Ill. 499; *Nichols* v. *Jones*, 32 Mo. App. 657.

Where the court undertakes to instruct the jury in regard to any point in the case either on his own motion or at the request of a party, he is bound to state the law fairly and correctly. *Bergstroem* v. *State*, 58 Tex. 92, 95. See to the same effect: *South Covington etc. Ry. Co.* v. *Core*, 29 Ky. Law Rep. 836, 96 S. W. 562, 564; *Missouri, K. & T. Ry. Co.* v. *Kirschoffer* (Tex. Civ. App.), 24 S. W. 577, 578.

The authorities are uniform to the effect that where an action is brought for the benefit of the widow or minor children, a showing to the effect that the deceased was earning wages at the time of his death and that the family relation existed between the deceased and such widow or minor children is sufficient to authorize a substantial recovery. *Peden* v. *American Bridge Co.*, 120 Fed. 523; *Standard Oil Co.* v. *Parkinson*, 152 Fed. 681, 685, 82 C. C. A. 29; *Malott* v. *Shimer*, 153 Ind. 35, 74 Am. St. Rep. 278, 283, 54 N. E. 101; *Archibald* v. *Lincoln County*, 50 Wash. 55, 96 Pac. 831, 833; *Baltimore & Ohio Ry. Co.* v. *State*, 24 Md. 271; *Louisville etc. Ry. Co.* v. *Wright*, 134 Ind. 509, 34 N. E. 314, 315.

J. M. Jamison and Norris & Ross, for Appellee.

The recovery for the loss of life is of concern to the beneficiaries under this statute only so far as the amount recovered is the property of the heirs at law by statutory provision, in that it must be distributed to them exempt from debts, and it seems that there is here created a special property in the estate for the sole benefit of the heirs at law.

The question of damages is one for the jury to determine, and the trial court properly submitted the question to the jury, and under our statutes the jury is authorized to determine from all the facts and circumstances in evidence such an amount as will in their judgment, honestly exercised, be fair and just. His actual accumulations or disposition to save cut no figure whatever in determining damages. The law is that the probability of future accumulations may be inferred from the ability of the deceased to earn more than expenses, and under the evidence in the case the jury might consider the reasonable probability of future accumulations on the part of the deceased. *Tuteur* v. *Chicago etc. R. Co.*, 77 Wis. 505, 46 N. W. 897; *Jacksonville Elect. Co.* v. *Bowden*, 54 Fla. 461, 45 South. 755, 15 L. R. A., N. S., 451; *Bauer* v. *Richter*, 103 Wis. 412, 79 N. W. 404; *De Amado* v. *Friedman*, 11 Ariz. 56, 89 Pac. 588; *Carter* v. *North Carolina R. Co.*, 139 N. C. 499, 52 S. E. 642; *Butte Electric Ry. Co.* v. *Jones*, 164 Fed. 308.

Appellant takes no issue with the correctness of the instruction complained of (No. 12), except because of its failure to say something about the habits or disposition of the deceased to save money or accumulate property. It is conceded that appellant made no request to the trial court to charge upon these elements. Therefore, under the well-established rule appellant cannot now complain of the instruction given unless it was actually incorrect. *Texas etc. R. Co.* v. *Volk*, 151 U. S. 73, 14 Sup. Ct. Rep. 239, 38 L. Ed. 78; *Isaacs* v. *United States*, 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229; *Backus* v. *Fort Street Union Depot*, 169 U. S. 557, 18 Sup. Ct. 445, 42 L. Ed. 853; *Humes* v. *United States*, 170 U. S. 219, 18 Sup. Ct. 602, 42 L. Ed. 1011; *Terry* v. *Railway Co.*, 14 Tex. Civ. App. 451, 37 S. W. 234. Under all of these authorities it is sufficient that no erroneous instruction was given.

CAMPBELL, J.—Appellee, as administrator of the estate of George W. Sanders, recovered a judgment of $5,000 against appellant, as damages resulting to the estate of Sanders from his death, alleged to have been caused by the negligence of appellant.

The first assignment of error challenges the sufficiency of the complaint, inasmuch as it "failed wholly to show that

anyone beneficially interested in the estate of George W. Sanders had been pecuniarily damaged by reason of the alleged death of the deceased.'' This contention of appellant has been disposed of by us in *Southern Pacific Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401, and again in *De Amado* v. *Friedman,* 11 Ariz. 56, 89 Pac. 588; and we see no reason, in the light of appellant's discussion, to recede from the views we have heretofore expressed.

The second and third assignments of error are directed to the trial court's ruling in permitting certain hypothetical questions to be answered by physicians. The abstract of record sets forth the questions in full. They are lengthy and purport to recite facts in evidence upon which the opinions of the witnesses are sought. The record merely recites that the answers were received in evidence ''over the objections of counsel for the defendant,'' without in any wise disclosing the grounds, if any there were, upon which the objections were based. We must assume from this record that the objections were general ones. General objections to such questions are wholly unavailing. *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816. Counsel on either side, in their briefs, differ as to the form of the objections as actually made, and invite us to scrutinize several pages of the reporter's transcript. This we must decline to do. Our rules provide: ''The abstracts of record, as filed, will be treated by the court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error.'' Subdivision 6, Rule 1 (8 Ariz. iv, 71 Pac. vi). We have so frequently commented upon the necessity of compliance with the requirements of our rules in this respect that there would seem to be no excuse for failure to do so. *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Donohoe* v. *El Paso & S. W. R. R. Co.,* 11 Ariz. 293, 94 Pac. 1091; *Title Guaranty & Surety Co.* v. *Nichols,* 12 Ariz. 405, 100 Pac. 825, However, should we assume that counsel for appellant in their briefs have correctly set forth the grounds of the objections as made to the trial court, we perceive no error in the rulings complained of.

Appellant contends that the instructions of the court are contradictory and misleading. The court clearly instructed the jury that, should they find for the plaintiff, they should

award such damages as would fairly compensate the estate of the deceased for the loss sustained by reason of his death. Thereafter, in another instruction, the court said to the jury: "I charge you, however, that it is not necessary on the part of the plaintiff to show the precise money value of the life of the deceased, or the exact amount of damages suffered by the beneficiaries, in order to sustain a recovery for substantial damages." In the succeeding instruction the jury were again told that the damages to be allowed were such "as the estate has suffered, all of the circumstances considered, by reason of the death of the deceased." Appellant contends that these instructions are conflicting and contradictory; that they gave the jury to understand that such damages as the estate suffered might be awarded, and also such as those dependent upon the deceased had suffered. The term "beneficiary" does not appear to be recognized by lexicographers as having the precise meaning which is usually given it when employed in actions to recover damages for death by wrongful act. It seems to have come into use as a legal term following the suggestion of Judge Story, in his work on Equity Jurisprudence, that "to escape from the awkwardness of a barbarous foreign idiom" the person beneficially interested in a trust should be called the beneficiary, rather than the *cestui que trust.* Story's Equity Jurisprudence, sec. 321. It has been so defined by statute in some states. 1 Words and Phrases, 750. It is also used to designate a person to whom a policy of insurance is payable. In an action to recover damages for death by wrongful act, where the damages to be recovered by a representative are those suffered by certain individuals indicated in the statute giving the right of action, those for whose benefit the recovery is sought are usually designated as beneficiaries. It is not wholly inapt to refer to the estate as the beneficiary, where, as in this territory, the damages to be recovered by an administrator are such as the estate has suffered. But conceding, as we do, that the term "beneficiaries" as here used is technically inappropriate, it does not follow that the verdict should be set aside. Instructions to juries must be so framed as clearly to define the law, and must not be contradictory; but the error involved in the use of an inappropriate word, where it does not serve to confuse or mislead the jury, is harmless. This action was tried throughout

upon the theory that the damages to be awarded, if any, were such as were suffered by the estate of the deceased. There was no testimony concerning the existence of anyone dependent upon Sanders, nor that anyone had suffered pecuniary injury by reason of his death. The jury were plainly instructed, just prior to the giving of the instruction complained of, that the damages to be awarded were those suffered by the estate, and in the instruction next following were again so charged. We are unable to perceive that the term complained of, in the connection in which it was employed, and under the circumstances appearing from the record, could have confused or misled the jury.

Appellant insists that the verdict is excessive. The deceased was sixty-two years of age at the time of his death. He was by profession a mining engineer, and there was testimony tending to show that prior to receiving the injuries which resulted in his death he was in robust health; that he was, and for some time had been, in the employment of a mining company, at a salary of $100 per month, and in addition was furnished a house and provisions for himself and wife. His life expectancy is shown to have been twelve and eighty-six one-hundredths years. Under this testimony, we cannot say that the verdict is excessive.

The remaining assignments of error are without merit, and do not require discussion.

We find no reversible error in the record, and therefore affirm the judgment of the district court.

DOAN, LEWIS, and DOE, JJ., concur. KENT, C. J., took no part in the determination of this case.