# PHOENIX · RAILWAY COMPANY *v.* LANDIS, ADMINISTRATOR OF SANDERS.

## ERROR TO THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 61. Argued November 12, 1913.—Decided December 22, 1913.

This court is disposed to accept the construction of local statutes by the territorial court, and, therefore, *held* that the action for death by negligence under Rev. Stats. Arizona 1901, pars. 2764–2766, was for the benefit of the estate and that it was not necessary to allege or prove the existence of beneficiaries or amount of damages sustained by them.

Where the case was tried throughout on the proper theory of the statute, the fact that the court in its charge may have used some terms that were technically inappropriate *held* not to be ground for reversal as the jury could not have been misled thereby.

This court in reviewing on error the judgment of the territorial court is limited to those questions that may be appropriately raised on writ of error, which excludes an objection that the verdict is against the weight of evidence or that the damages allowed are excessive.

An instruction that the jury might consider the income and earning capacity of deceased, his business capacity, experience, health conditions, energy and perseverance during his probable expectancy of life, will not be held to be too general in the absence of a suitable request of the defendant for an instruction with greater particularity.

An objection to the charge in regard to the subject of damages which was not presented to the court below comes too late when raised in this court for the first time.

This court will not, except in a clear case, hold that the appellate court in a Territory erred in following the established practice and construction of a local statute in regard to the record in cases on appeal.

13 Arizona, 80, 279, affirmed.

THE facts, which involve the validity of a verdict and judgment for damages for negligence causing the death of the judgment creditor's intestate, are stated in the opinion.

*Mr. Charles Cowles Tucker,* with whom *Mr. Louis H. Chalmers, Mr.· Edward Kent, Mr. A. B. Browne, Mr.*

*Alexander Britton* and *Mr. Evans Browne* were on the brief, for plaintiff in error.

*Mr. J. M. Jamison,* with whom *Mr. John Mason Ross* was on the brief, for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought by the administrator of the estate of George W. Sanders against the Phoenix Railway Company to recover damages for negligence causing the death of the intestate. Judgment in favor of the administrator was affirmed by the Supreme Court of the Territory. 13 Arizona, 80, 108 Pac. Rep. 247; 13 Arizona, 279, 112 Pac. Rep. 844.

The first assignment of error is to the effect that the court below misconstrued the statute under which the action was brought. Rev. St. Ariz. 1901, pars. 2764–2766. The ruling was upon the sufficiency of the complaint, and the court followed *Southern Pacific Company* v. *Wilson* (1906), 10 Arizona, 162, 85 Pac. Rep. 401, and *De Amado* v. *Friedman* (1907), 11 Arizona, 56, 89 Pac. Rep. 588, which held that the action was for the benefit of the estate and that it was not necessary for the plaintiff to allege or prove the existence of beneficiaries or the amount of damages suffered by them.

In the first case cited, the history of the legislation was reviewed and the conclusion was rested upon the terms of the statute of 1901 as compared with the earlier act. This court has frequently stated that it is disposed to accept the construction which the territorial court has placed upon a local statute. *Sweeney* v. *Lomme,* 22 Wall. 208, 213; *Fox* v. *Haarstick,* 156 U. S. 674, 679; *Northern Pacific R. R. Co.* v. *Hambly,* 154 U. S. 349, 361; *Copper Queen Mining Co.* v. *Arizona Board,* 206 U. S. 474, 479; *Lewis* v. *Herrera,* 208 U. S. 309, 314; *English* v. *Arizona,*

214 U. S. 359, 361; *Santa Fe County* v. *Coler*, 215 U. S. 296, 305; *Albright* v. *Sandoval*, 216 U. S. 331, 339; *Clason* v. *Matko*, 223 U. S. 646, 653. The applicable considerations gain in force where, as in this case, the construction of the statute, deliberately established and followed, has been reaffirmed upon the eve of statehood, and we are of the opinion that the ruling of the Supreme Court of the Territory of Arizona should not be disturbed.

The next contention is that the court below should have reversed the judgment of the trial court because of inconsistent instructions to the jury. After charging the jury that if they found for the plaintiff they should award such damages as should fairly compensate the estate of the deceased for the loss sustained by reason of his death, not exceeding the amount fixed by the statute, the trial court gave a further instruction that it was "not necessary on the part of the plaintiff to show the precise money value of the life of the deceased or the exact amount of damages suffered by the beneficiaries in order to sustain a recovery for substantial damages." It is urged that the latter instruction was inconsistent with the former and impliedly submitted a distinct basis of recovery, that is, the loss to beneficiaries. It appeared in evidence that the decedent left a wife and two adult children and that his wife, at least, had enjoyed the benefit of his support. The court below while conceding that the term 'beneficiaries,' in the light of its construction of the statute, was 'technically inappropriate' was of the opinion that the action was tried throughout upon the theory that the damages to be awarded were such as were suffered by the estate and that, on considering the course of the trial and the instructions given to the jury just prior to, and immediately following, the one in question, it could not be said that the language complained of might have confused or misled the jury. We concur in this view and find in this assignment of error no ground for reversal.

It is said further that the court erred in holding that the plaintiff was entitled to recover substantial damages for the benefit of the estate "without evidence showing or tending to show that deceased had ever saved or would have saved any portion of his earnings." We have not been referred to any ruling to this effect. No such instruction was given to the jury and the record does not disclose any request for an instruction which was refused by the trial court. The argument, in substance, is that the verdict was without sufficient basis in the evidence. It cannot be said, however, that there was no evidence to go to the jury and, as we are limited to those questions which may be appropriately raised on writ of error, an objection that the verdict is against the weight of evidence or that the damages allowed were excessive cannot be considered in this court. Act of April 7, 1874, c. 80, § 2, 18 Stat. 27; *Wilson* v. *Everett*, 139 U. S. 616; *Aetna Life Insurance Co.* v. *Ward*, 140 U. S. 76, 91; *Erie Railroad Co.* v. *Winter*, 143 U. S. 60, 75; *Herencia* v. *Guzman*, 219 U. S. 44, 45.

The trial court charged the jury that it might "take into consideration the income and earning capacity of the deceased, his business capacity, experience and habits, his health, physical condition, energy and perseverance during what would probably have been his lifetime if he had not received the injuries from which death ensued." The court below granted a rehearing upon the question whether there was error in giving this instruction because of a failure to specify particularly what habits the jury was authorized to consider. 13 Arizona, 279, 112 Pac. Rep. 844. It was concluded that if the appellant desired an instruction with greater particularity upon this point it should have made a suitable request and having failed to do so was not entitled to complain of the omission. This ruling is assigned as error. It is urged that the instruction as given by the trial court was wrong in itself in that it directed the jury, in effect, to find for the plain-

tiff the amount the deceased would have earned during the years of his life expectancy. But this is manifestly a misconstruction of the charge. It was not erroneous to instruct the jury, as did the court, with respect to what might be taken into consideration in determining the damages sustained by the estate and the court below was right in saying that, if the plaintiff in error desired explicit reference to particular habits, an instruction to that effect should have been requested. *Pennock* v. *Dialogue,* 2 Pet. 1, 15; *Spring Company* v. *Edgar,* 99 U. S. 645, 659; *Texas & Pacific Rwy. Co.* v. *Volk,* 151 U. S. 73, 78. A further objection to the charge of the trial court upon the subject of damages, with respect to the number of years which should be deemed to constitute the deceased's expectation of life, concededly was not presented to the court below and, being raised in this court for the first time, comes too late. *Clark* v. *Fredericks,* 105 U. S. 4; *Robinson & Co.* v. *Belt,* 187 U. S. 41, 50.

The remaining assignments of error involve a question of appellate practice in the Supreme Court of the Territory. That court held, with respect to the action of the trial court in permitting answers to certain hypothetical questions addressed to physicians, that the mere general objections disclosed by the abstract of record filed under its rules were unavailing and it declined to scrutinize the reporter's transcript for the purpose of discovering the objections said to have been actually made. In this course, the court but applied its rule that "abstracts of record, as filed, will be treated by the court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error." Rule I, sub. VI, 8 Arizona, iv, 71 Pac. Rep. vi. It is urged that the refusal to examine the reporter's transcript was in violation of the act of 1907 (Laws of Arizona, 1907, c. 74, p. 122). But the statute has not been thus construed, and we find no ground upon which we should be justified in holding

that the court committed error in following the established practice to which the court alludes in its opinion.    13 Arizona, 80, 84, 108 Pac. Rep. 247, 248; Laws of Arizona, 1907, c. 74, pp. 130, 131; *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Arizona, 54, 90 Pac. Rep. 332; *Donohoe* v. *El Paso & S.·W. R. R. Co.,* 11 Arizona, 293; *S. C.,* 94 Pac. Rep. 1091; *Title Guaranty & Surety Co.* v·. *Nichols,* 12 Arizona, 405, 120 Pac. Rep. 825; ·*Sanford* v. *Ainsa,* 13 Arizona, 287, 114 Pac. Rep. 560; 228 U. S. 705, 706, 707.

The judgment is affirmed.

*Affirmed.*