## HERMAN CHEMICAL CO. v. BURLINGTON INDUSTRIAL ALCOHOL CO.

(Circuit Court of Appeals, Third Circuit. December 8, 1925.)

No. 3332.

1. **Appeal and error** ⬅➾221—**Question not raised at trial, by point for instruction or by exception to charge, not considered on appeal.**

Question whether plaintiff could plead one measure of damages and recover under different measure, without first amending complaint, not raised at trial by point for instruction to jury or by exception to charge, cannot be raised on appeal.

2. **Sales** ⬅➾406—**Buyer, withdrawing permit for sale of alcohol, held to have right to sue for breach of contract, without rescinding and giving notice.**

Where contract for sale of alcohol was called order and provided for delivery in two days after receipt of such order, but seller did not make delivery, although buyer wrote several letters ordering alcohol, fact that buyer, after such breach of contract, withdrew government permit and viewed transaction as ended, although then indebted to seller for portion of alcohol delivered, did not destroy buyer's right to sue for damages, subject to deduction of amount it owed when it became due, without rescinding contract and giving notice of its action.

3. **Sales** ⬅➾89—**Making small deliveries held not to modify contract, so as to make it one of installments.**

Where contract for sale of alcohol called for delivery to be made in two days after receipt of order, and buyer repeatedly ordered delivery, fact that small deliveries were made from time to time, and accepted, did not modify contract, and make it one of installments.

4. **Appeal and error** ⬅➾215(1), 216(1)—**Matters in respect to rescission of contract, and whether delivery was to be by installments, not raised in trial court, not considered on appeal.**

In action on contract to sell alcohol, point that charge did not leave to jury whether and when contract had been rescinded, or whether delivery should have been completed during month selected to fix difference between market and contract prices, not offered to trial court, and exception to its charge noted in respect thereto, cannot be basis for valid assignment of error on appeal.

5. **Appeal and error** ⬅➾216(1), 263(1, 3)—**Exception to charge, not addressed to trial court, not considered on appeal.**

Where exception to charge that it ignored whether suit was based on affirmance or rescis-

sion of contract was not addressed to trial court, and no point relating thereto was offered, and no exception noted in respect thereto, it will not be considered on appeal.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by the Burlington Industrial Alcohol Company, a corporation of the state of Delaware, against the Herman Chemical Company, a corporation of the state of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Benjamin M. Golder and Otto Kraus, Jr., both of Philadelphia, Pa., for plaintiff in error.

Rothschild & Rothschild, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The action is in assumpsit and concerns the purchase by the plaintiff and sale by the defendant of alcohol on a writing signed by the former and accepted by the latter in these words:

"Please enter our order for the following: 1,500 bbls. of pure white 190 proof Alcohol in good strong-new cooperage, to be delivered to our Denaturing Plant in Bond as per our permit herewith delivered to you, instructions to be given and delivery to be made after two days of receipt of said order, without any trucking charge direct to our plant. Price 33¢ per wine gallon, f. o. b. our plant. * * * Deliver no goods without an order."

The case went to trial on a complaint charging that the defendant broke the contract by refusing to deliver the alcohol and demanding damages for the breach. The plaintiff had a verdict. On this writ the defendant has compressed the questions raised by its assignments of error and has stated them in the questions involved. We shall review them in that order.

[1] The first is:

"Can a plaintiff plead one measure of damages and recover under a different measure of damages without first amending his complaint?"

We are not required to answer this question for the reason that the defendant did not raise it at the trial, either by a point for instructions to the jury or by an exception to the charge. Nor is it raised here by an assignment of error.

[2] The next question is framed as follows:

"Can a vendee, in default as to payment

of an installment of goods received, recover damages under the same contract in the absence of a rescission communicated to the vendor prior to the time said payment became due?"

It is possible he cannot, but that is not what happened. Referring to the contract, it is called an "order" and provides for the delivery of alcohol after two days of receipt of "said order." Whether the contract is itself the order contemplated is not certain, nor is it material, because, whether or not the parties intended that it should stand as an order or that an order should be given later, the fact is the plaintiff, by letters insisting upon delivery, gave several orders and the defendant did not make delivery. Therefore, however the contract may be construed with reference to time of delivery, there was evidence that the defendant breached it. When on a rising market the defendant had delivered but 85 of the 1,500 barrels of alcohol, the plaintiff availed itself of the breach by withdrawing the government permit and viewing the transaction as ended, although at that time it was indebted to the defendant for a portion of the alcohol delivered, payment under the terms of the contract to be made at a later date. This, however, did not destroy the plaintiff's right to act on the defendant's breach and to institute suit for damages, subject, of course, to deduction of the amount it owed when it became due. The defendant framed the question now under consideration upon the mistaken idea that the plaintiff, before bringing suit, was bound to rescind the contract and give notice of its action, and that, not having given such notice, it is without right to recover. But the plaintiff did not rescind the contract. It regarded the contract as broken and sued on the breach for damages. Anvil Mining Co. v. Humble, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814; Roehm v. Horst, 178 U. S. 1, 7, 8, 20 S. Ct. 780, 44 L. Ed. 953.

[3] The next question is:

"Can a vendee, under contract for delivery of goods in installments, arbitrarily fix the measure of damages as to the difference between the market price for a particular month and the contract price, without proving either a rescission properly communicated to the vendor, or that delivery should have been completed during said month?"

This question is based on the theory that deliveries were, under the terms of the contract, to be made by installments. The contract did not call for deliveries by installments, nor did the parties act as though it were an installment contract. The contract called for "delivery to be made after two days of receipt of said order" and the plaintiff promptly ordered delivery and repeated the order by insistent demands. Small deliveries were from time to time made and accepted, but this fact did not, in the light of the correspondence, modify the contract and make it one of installments.

[4] Another question is:

"Will a verdict be sustained where the charge did not leave to the jury the question whether and when the contract had been rescinded or whether delivery should have been completed during the month selected to fix the difference between market and contract prices?"

This question involves matters of rescission and installments previously discussed. Moreover, in respect to them, no point was offered to the trial court and no exception noted to its charge. Hence there is no basis for a valid assignment of error.

[5] And, finally, it is asked:

"Will a charge, which ignores whether a contract suit is based on affirmance or rescission of the contract, be sustained?"

This, also, is a matter which was not addressed to the trial court. No point was offered and no exception noted in respect to it.

The assignments, separately considered, fail to disclose error in the proceedings below. Accordingly, the judgment is affirmed.