### NORFOLK & W. RY. CO. v. SKEENS.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1929.

No. 5151.

Henry Bannon, of Portsmouth, Ohio, and James I. Boulger and Booth, Keating, Pomerene & Boulger, all of Columbus, Ohio, for appellant.

R. B. Newcomb, of Cleveland, Ohio (Newcomb, Newcomb & Nord, of Cleveland, Ohio, and Pugh & Pugh, of Columbus, Ohio, on the brief), for appellee.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

MACK, Circuit Judge. Judgment under Federal Employers' Liability Act (45 USCA §§ 51–59), on a general verdict of $25,000, for severe personal injuries to a brakeman as a result of a collision. Details are unnecessary. It suffices to state that the complaint alleges three distinct grounds of negligence; the defense not only denies each of them, but also sets up contributory negligence and assumption of risk. The trial court clearly charged upon the issues submitted. At plaintiff's request, a special finding was also submitted. The answer to the question involved therein, if negative, would have determined the first charge of negligence in defendant's favor; it would not, however, have affected the other two negligence charges. The majority of the jury answered it negatively.

In these circumstances, assuming that in the absence of a unanimous affirmative special finding, a verdict could not properly be rendered against defendant on the first charged ground of negligence, nevertheless there is no inconsistency between the special finding and the general verdict; the latter is merely necessarily based upon one or both of the other charges of negligence.

To justify a consideration by this court of the question whether or not there is any evidence in the record to support a verdict

thus necessarily based upon one or both of such other two grounds of negligence, the trial court must have been requested to exclude such grounds from consideration by the jury because of a lack of any evidence to support either of them. No such instruction was requested; no exception was taken to the clear submission of the issues as to all of the charges to the jury. In these circumstances, there is no assignable error in this respect before this court. Lehigh Valley R. Co. v. Normile (C. C. A.) 254 F. 680. See, too, Detroit United Ry. v. Weintrobe, 259 F. 68 (C. C. A. 6).

█ Except under circumstances clearly resulting in a miscarriage of justice, this court will not consider alleged errors, unless proper exceptions were taken at the trial. Our necessary examination of the record in this case on the exceptions properly presented satisfies us that there is no such miscarriage of justice in this case.

We have duly considered the other alleged errors, and find them without merit.

Judgment affirmed.