### NAJERA v. BOMBARDIERI.
#### No. 254.

Circuit Court of Appeals, Tenth Circuit.
Jan. 5, 1931.

Julius J. Patck, of Gallup, N. M. (Earl Blake, W. A. Blake, and Harold L. Blake, all of Wichita, Kan., on the brief), for appellant.

Mann & Wilson, of Albuquerque, N. M., and Herbert C. Denny, of Gallup, N. M., for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This action was brought by appellant as plaintiff to recover damages for an alleged assault which was committed upon him by defendant. There was a trial to a jury which resulted in a verdict and judgment for defendant. Plaintiff appeals. The parties will be designated as they stood on the record in the court below.

Eleven errors are assigned. One to five, inclusive, relate to the sufficiency of the evidence to uphold the verdict rendered; six and seven, to the refusal of the trial court to admit certain evidence inquired of by counsel for plaintiff; eight to ten, errors complained of in the charge of the court to the jury; and, eleven, error of the trial court in overruling plaintiff's motion for a new trial. Of these in the order stated.

That an assault was committed and plaintiff injured is conceded. The question at issue on the trial below was, Who was the aggressor in this assault? As indicated by their names, the parties to the action are foreigners. On the 23d of February, 1929, the date of the assault, the parties were employees in what is known as the Keeper Mine at Gallup, N. M. The altercation between the parties commenced in the office where the plaintiff had gone to demand his time; he being about to quit the employ of the company. The injury was inflicted upon plaintiff by blows struck him by the defendant with a piece of iron pipe. It was the contention and evidence of defendant the plaintiff had first attacked him with this pipe; that he took the same away from plaintiff and then used it on plaintiff in self-defense. The plaintiff, of course, denies this. The evidence on this crucial point in the case is conflicting, and the jury had the right to determine its weight and

credibility, and did so by finding for defendant. There was no motion for an instructed verdict interposed by plaintiff at the close of the evidence, so plaintiff and his counsel must have thought there was sufficient evidence to go to the jury. See American Petroleum Co. v. Missouri Pac. Ry. Co. (C. C. A.) 25 F. (2d) 441; Slip Scarf Co. v. Wm. Filene's Sons Co. (C. C. A.) 289 F. 641.

■■■■ The next error relied upon is this: At the trial counsel for plaintiff asked him this question:

"When you came to the office on the 23rd day of February, did you smell anything in the office?

"Mr. Mann: I object.

"The Court: What difference does that make?

"Mr. Patek: We claim the gentleman had a little bit too much.

"The Court: Don't ask that question."

It is to be noted to the ruling made there was no exception taken; there was no offer to prove that the defendant was at the time of the assault intoxicated. The only intimation of what fact was intended to be elicited resides in the remark of counsel for the plaintiff, "We claim the gentleman (presumably the defendant) had a little bit too much." It was far from an offer of proof that defendant at the time was intoxicated, as now contended by plaintiff. "A little bit too much" is entirely a comparative phrase even if it contained the additional words making it definite, that it was claimed the defendant had a little too much intoxicating liquor. To some minds any amount whatever would mean too much; to other minds this would mean nothing. As to the first question, we agree with the remark of the court, "What difference does that make?" We are of the opinion from the record as made no question was presented of such a definite nature as to cause a reversal of the judgment even had a proper exception been saved, which was not done. H. S. Kerbaugh v. Caldwell (C. C. A.) 151 F. 194, 10 Ann. Cas. 453; Ritz Carlton Restaurant & Hotel Co. v. Gillespie (C. C. A.) 1 F.(2d) 921; Camp Mfg. Co. v. Beck (C. C. A.) 283 F. 705; Patterson v. Hamilton (C. C. A.) 274 F. 363; Lohman v. Stockyards Loan Co. (C. C. A.) 243 F. 517; Norfolk & W. Ry. Co. v. Skeens (C. C. A.) 33 F.(2d) 508.

■■■■ The next assignment of error is based on the exclusion of an answer to a question propounded by counsel for plaintiff to defendant as a witness in his own behalf, as follows:

"Q. Will you tell the jury and the court here why it was necessary for you—

"The Court: He has told you the facts. You cannot argue with the witness. Bring out the facts. The court will take care of the findings and the facts. We don't want his opinion. Confine yourself to the facts and don't argue."

What counsel for the plaintiff evidently intended to ask the witness was why he thought it was necessary to hit plaintiff with the pipe after he had taken it from plaintiff. As shown by following questions and answers found in the record, the matter had been fully inquired of before, and the question, which called for the mere conclusion of the witness, had been fully answered before, as shown by the following from the record:

"Q. How, after you had the pipe, was there any danger of him striking you, or doing you any more harm? A. I ever been hit with the pipe I been in the cemetery a good long time, whether he tried to hit me."

Again:

"Q. After you had the pipe there was no need of your striking him any more, was there? A. I had to hit him, once, before I could get them. I never go up to kill him. He had no business to come in the office and try to hit me with the pipe. I never tried to hit nobody. He had the pipe first. I had to save myself. I tried to get away and save myself."

"Q. There was no more danger of his hitting you?"

"A. Then he tried to pick up the switch. I hit him on the arm when he picked up the switch. The time I take the pipe away I hit him on the head. I tried to take the pipe away, I hit him on the hands." * * *

"Q. After you had the pipe in your hand what was the necessity for your hitting that man? A. I have to, he tried to pick up something else to hit me, I had to defend myself. I never call him in the office."

■■■■ Again, to this claim of error, as to others, the record discloses the same was not saved by objection or exception, and, even had the trial court erred, there is no question presented for review on this record.

Again, it is alleged the trial court erred in its charge to the jury. From the record it is disclosed, after quite a full charge of the court to the jury, the following appears:

"The Court: Any other instructions that you desire to have the court give?

"Mr. Patek, Attorney for Plaintiff: No, your Honor."

Not alone was there no exception by the plaintiff to the charge of the court as given, but there were no requests made by counsel for the plaintiff of the court, to charge the jury further. In such case it must be assumed the charge of the court to the jury was when given entirely satisfactory to the plaintiff. It is almost useless in this state of the record to cite authorities on the well-known proposition. No review of the charge can be had even if it was later discovered some error in the charge was made. Phoenix Ry. Co. v. Landis, 231 U. S. 578, 34 S. Ct. 179, 58 L. Ed. 377; National Biscuit Company v. Litzky (C. C. A.) 22 F.(2d) 939, 56 A. L. R. 853; Herman Chemical Co. v. Burlington Industrial Alcohol Company (C. C. A.) 9 F.(2d) 289; United States Smelting Co. v. Parry (C. C. A.) 166 F. 407; Liberty Bell Gold Mining Co. v. Smuggler Union Gold Mining Co. (C. C. A.) 203 F. 795, and many other cases.

It also is to be noted rule 11 of this court provides: "When the error assigned is to the charge of the Court the assignment shall set out the part referred to totidem verbis, whether it be instructions given or instructions refused." This was not done in this case.

The only remaining error sought to be claimed relates to the manner in which the motion of plaintiff for a new trial was disposed of. The record discloses at the time the jury returned into the court with its verdict counsel for plaintiff said:

"We except to the verdict of the jury. Can we have a time set for move for a new trial?

"The Court: You may file it. It will be formally overruled. Court will be adjourned."

No error can be predicated upon the ruling of a motion for a new trial in the federal courts of our country. In these courts actions at law are tried according to the rules of the common law, and no such practice as a motion for a new trial was indulged at the common law. Such motion only affords a trial court opportunity to correct any obvious or patent error, and is purely in the discretion of the trial court. The fact that the trial court in this case gave leave to file such a motion and said it would be formally overruled evidently contains very strong in-

timation the issue of the trial was satisfactory to the court. In any event, the record was not saved to present any question of error by exception, request to be heard upon the motion, or in any other appropriate manner. "Knowledge that comes after the fact seldom avails one anything in this world."

Finding no error in this record which may be by this court examined and corrected on appeal, the judgment must be and is affirmed. It is so ordered.