Brady *v.* Fitzgerald

No. 40276          November 5, 1956          90 So. 2d 182

*Harty & Kimble, Kellner & Kellner,* Greenville, for appellant.

*Hainon A. Miller,* Greenville; *J. Wesley Miller,* Rolling Fork, for appellee.

Lee, J.

Marie Brady and Charlie Fitzgerald, Sr., colored citizens and residents of this state, were married on February 12, 1933. Charlie Fitzgerald, Jr., was born to this union on November 29 thereafter. On November 17, 1951, this son, single, was killed near Nogales, Arizona, as the result of negligence on the part of an employee of the United States Department of Agriculture. Subsequently Marie instituted suit against the United States of America, under the Federal Tort Claims Act, 28 U. S. C. A. 1346(b), and on June 1, 1954, obtained a judgment of $5,000.00 therefor, 20% of which was payable to her attorneys.

Charlie Fitzgerald, Sr., brought this suit against Marie Brady and her attorneys to require them to pay to him $2,000.00, that is, one-half of the judgment, less attorneys' fees. In her answer, Marie contended that, as she had the right to bring the suit, she was entitled to the proceeds; and that the complainant had deserted and abandoned his son, shortly after birth, and was not entitled to share in the proceeds.

The evidence showed that Charlie was not present when his son was born. Shortly after this event he was sentenced to a term in the penitentiary, and served thirty-one months and nine days. After discharge, he and his wife did not live together, and he saw his son only occasionally, and made no contributions for his support. Marie and her mother took care of the boy until he became old enough to support himself, and he had been doing this for several years prior to his death.

At the conclusion of the hearing, the chancellor granted the relief prayed for, and Marie appealed.

■■■ The rights of the parties are governed by Arizona law. Section 31-101, Arizona Code Anno. 1939, provides as follows: ''Whenever the death of any person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree or manslaughter.''

■■■ The action, provided for in the above section, is for the benefit of the estate, and it is not necessary to allege or prove the existence of beneficiaries. De Amando v. Friedman, 11 Ariz. 56, 89 P. 588. It is created for the

benefit of the estate. Southern Pacific Co. v. Wilson, 10 Ariz. 162, 85 P. 401. Under the wrongful death statute "the action is for the benefit of the estate, and recovery becomes an asset of the estate". In Re Lister's Estate, 22 Ariz. 185, 195 P. 1113. See also Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 195 P. 538; Keefe v. Jacobo, 47 Ariz. 162, 54 2d 270.

In Phoenix Railway Co. v. Landis, 231 U. S. 578, 58 L. Ed. 377, the Supreme Court of the United States approved and followed the construction by the Supreme Court of Arizona, then a territory, in Southern Pacific Co. v. Wilson, supra, and De Amando v. Friedman, supra.

With reference to the bringing of the action and the distribution of the recovery, provided for under Section 31-101, supra, the applicable part of Section 31-102 thereof is as follows: "Every such action shall be brought by and in the name of the personal representative of such deceased person; the father, or in the case of his death or desertion of his family, the mother, may maintain the action for the death of a child, and the guardian for the death of his ward; *and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law in relation to the distribution of personal estate left by persons dying intestate. * * ** " (Emphasis supplied). See also Southern Pacific Co. v. Tomlinson, 163 U. S. 369, 41 L. 193.

In regard to descent and distribution, the applicable part of Section 39-101, Arizona Code Anno. 1939, is as follows: "Where any person having title to any estate of inheritance, real, personal, or mixed, shall die intestate as to such estate, and shall leave no surviving husband or wife, it shall descend and pass to his kindred, male and female, in the following course, that is to say:

"1. To his children and their descendants;

"2. If there be no children nor their descendants, then to his father and mother in equal portions, * * * ."

██ Obviously the proceeds of the recovery for this death, under Arizona law, must be distributed equally between the father and mother.

But appellant contends that appellee's desertion and abandonment of his own son precludes him from receiving any part of the proceeds of the judgment. She cites Barrett v. Barrett, 44 Ariz. 509, 39 P. 2d 621, and Shumway v. Farley, 68 Ariz. 159. The first case involved the right of a stranger to recover from the father of minor children, in the custody of their mother, for necessaries, which he provided them. In the second case, the mother and father were divorced. Custody of the six year old child was awarded to the mother, and the father was ordered to pay $30.00 a month as support. The mother married again and joined with her second husband in seeking the adoption of the child, after the father had failed for over a year to comply with the decree, as may be done in Arizona. Manifestly neither of these cases is of any value in this controversy under Arizona law.

██ The appellee is entitled to a one-half interest in the judgment, after payment of attorney fees, and there is no authority either in the statutory or the case law of that state which deprives him thereof.

Consequently it follows that the decree of the trial court must be affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* Concur.