This is an appeal from a judgment entered by the Madison County Circuit Court which denied the plaintiff's request for the imposition of a constructive trust for her benefit on proceeds from a wrongful death recovery.
Viewing the record with the attendant presumptions, the following facts are revealed. After what both parties characterized as an unhappy marriage, the parties divorced in 1961. The mother was granted custody of the three then-minor children. The father, suffering from a drinking problem, never provided any financial support. The mother, a registered nurse, supported the family, and provided for the three children.
The father, described by a psychologist during the trial as a "classic alcoholic," returned to Huntsville where the mother and children lived. He lived for a time at the Downtown Rescue Mission. While the father was living there, his youngest son, David, visited frequently with his father.
Testimony indicates the father is rehabilitated. He is not currently drinking, has remarried, and is employed.
The son, David, while living at his mother's home and attending college, was killed in an automobile accident. He was twenty-two at the time.
The mother filed a wrongful death action and subsequently was awarded a judgment of approximately $500,000. Distribution of the net proceeds of $298,536.66 are now in dispute.
After an ore tenus hearing, the trial court divided the net proceeds between the mother and the father. The distribution was obviously made pursuant to the statutory scheme provided in Ala. Code § 6-5-410 (1975) and Ala. Code § 43-3-1 (1975). The trial court additionally awarded the mother approximately $26,700 in back child support from the father's share of the net proceeds.
As indicated, the trial court denied the mother's request for the imposition of a constructive trust on the remaining portion of the father's share.
From the denial of the constructive trust, the mother appeals, and we affirm.
The mother, through able counsel, contends the trial judge should have imposed a constructive trust for the benefit of the mother and her remaining children because the father never supported David. She contends that to allow the father to retain his portion of the proceeds under the facts amounts to unjust enrichment and is not equitable.
A constructive trust is a creature of equity that operates to prevent unjust enrichment. Puckett v. Richard, 418 So.2d 838
(Ala. 1982). "[S]uch a trust will be imposed when a property interest has either been acquired by fraud or where, in the absence of fraud, it would be inequitable to allow the property interest to be retained by the person who holds it." Puckett v.Richard, supra, at 839; 19A Ala. Digest, Trusts, Key No. 91.
The governing statute, Ala. Code § 6-5-410 (1975), provides in relevant part that: "(c) The damages recovered [for wrongful death] are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." (Emphasis added.)
As shown above, under the governing portion of the statute of distribution, Ala. Code § 43-3-1 (1975), the mother and father share the proceeds in equal parts.
To this court, the primary question raised by this appeal is whether under the facts of this case the effect of those two statutes can be averted by use of a constructive trust. We have found no Alabama cases directly on point, but our supreme court, in an analogous situation, refused to alter the statutory language of the descent and distribution statute for equitable concerns. In Nolen v. Doss, 133 Ala. 259, 31 So. 969
(1902), the wife abandoned her husband and was living with another man. The court *Page 264 
upheld her right to inherit the husband's property and held the descent and distribution statute controlled. "The law, as it is written, is plain, and it is not within the province of the courts to ingraft upon it any exceptions." Nolen v. Doss,supra, 133 Ala. at 261, 31 So. at 970. The same reasoning clearly applies in the instant case.
The great weight of authority is against any finding of an "implied exception" to the descent and distribution statutes.Kreisel v. Ingham, 113 So.2d 205 (Fla.Dist.Ct.App. 1959). In the absence of statutory provisions to the contrary, the fact a surviving spouse abandoned the deceased spouse does not bar the surviving spouse's right to inherit under descent and distribution. Kreisel v. Ingham, supra; 23 Am.Jur.2d, Descentand Distribution §§ 121, 122, and cases cited thereunder.
The Tennessee Supreme Court, in deciding a case factual on all fours with the instant case, held a father who never contributed support to his child was nonetheless allowed to share the proceeds from a wrongful death action judgment. The court held that the statutory scheme required that the proceeds be distributed according to the descent and distribution statute. Anderson v. Anderson, 211 Tenn. 566, 366 S.W.2d 755
(1963). The court may not inquire about the worthiness or unworthiness of beneficiaries in wrongful death cases any more than they may inquire into the worthiness or unworthiness of beneficiaries under a will. Anderson v. Anderson, supra. In such cases, the court may not deny recovery because of "unworthiness" unless so authorized by some statute. Andersonv. Anderson, supra. See also Brady v. Fitzgerald, 229 Miss. 67,90 So.2d 182 (1956), in which the same result is reached on the grounds that no statute or case law permits denying the father his share despite his abandonment of the child.
The clear import of the cases discussed above is that, absent a statute, courts may not circumvent the statutory distribution scheme on the grounds the recipient is "unworthy." There being no statute in Alabama to that effect, we must affirm the trial judge's decision. See 26A C.J.S., Descent and Distribution § 47 (1982 Supp.).
Additionally, we note that the question of whether or not a constructive trust results is an issue of fact to be determined by the trier of facts. Burgess v. Williamson, 506 F.2d 870 (5th Cir. 1975) (Applying Alabama law); Sims v. Reinert, 285 Ala. 658, 235 So.2d 802 (Ala. 1970); 19 Ala. Digest, Trusts, Key No. 111. In an ore tenus case, findings of fact are presumed correct, and will not be reversed on appeal unless palpably wrong. E.g., Russell v. Russell, 361 So.2d 1053 (Ala. 1978); 2A Ala. Digest, Appeal and Error, Key No. 931 (1).
In the instant case, without detailing the facts, suffice it to say, there is evidence that the father during his rehabilitation formed a relationship with David. These facts and other inferences revealed by the record could well support the trial court's denial of a constructive trust, totally apart from the descent and distribution statute and the above discussion. We therefore affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.