**Richard BRILL, Plaintiff–Appellee,**

v.

**Diana M. HUGHES, Defendant–Appellant.**

**No. 97CA1301.**

Colorado Court of Appeals, Div. IV.

May 14, 1998.

G. David Miller, Jr., Colorado Springs, for Plaintiff-Appellee.

The Law Firm of William W. Muhr, William W. Muhr, David W. Burford, Colorado Springs, for Defendant–Appellant.

Opinion by Judge NEY.

In this declaratory judgment action arising from the death of the parties' minor daughter, Diana M. Hughes (mother) appeals the summary judgment entered in favor of Richard Brill (father). We affirm.

In 1993, the parties' 15–year–old daughter died intestate when the car in which she was a passenger was involved in a roll-over accident. For her whole life, the daughter resided with and was primarily supported by mother. The vehicle was insured under a policy issued by St. Paul Guardian Insurance Company (insurer). The mother sought uninsured motorist benefits from the insurer after it denied liability coverage for the driver of the vehicle. The insurer agreed to submit to arbitration the issues of whether the parties were legally entitled to damages as a result of the accident and the amount of those damages.

Shortly before the scheduled arbitration, father moved for a temporary restraining order and a preliminary injunction to prevent the arbitration from proceeding. At the same time, he filed this action seeking declaratory relief. The trial court granted the temporary restraining order, and the propriety of that ruling is not before us. Thereafter, father moved for summary judgment on the complaint for declaratory relief asserting, *inter alia*, that § 13–21–201(1)(c), C.R.S. 1997, requires that any award made by the arbitration panel is to be shared equally by the parties. The trial court agreed with father and granted the motion. This appeal followed.

I.

First, we address, and reject, mother's contention that the declaratory judgment action was premature because no award of

damages had been made by the arbitration panel.

■ A trial court has jurisdiction to hear a declaratory judgment action only if: (1) the controversy contains a currently justiciable issue or existing legal controversy rather than the mere possibility of a future claim; (2) it will fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter that could be affected by the judgment; and (3) it is independent of and separable from the underlying action. *Constitution Associates v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo.1996).

■ Generally, the decision whether to permit an anticipatory declaratory judgment action falls within the sound discretion of the trial court. *See Troelstrup v. District Court*, 712 P.2d 1010 (Colo.1986).

Here, the declaratory judgment action sought to determine the parties' respective rights to any award of damages issued by the arbitration panel. Contrary to mother's contention, an award of damages in the underlying action is not an absolute prerequisite to a declaratory judgment action. *See Constitution Associates v. New Hampshire Insurance Co., supra.*

In addition, both mother and father, who were the only parties who had an interest in any award issued by the arbitration panel, were parties to the declaratory judgment action. *See* § 13–21–201(1)(c); *see also Dewey v. Hardy*, 917 P.2d 305 (Colo.App.1995) (holding that wife should have been made a party for the damage phase of a wrongful death action).

Further, the proper construction of § 13–21–201(1)(c) presents a question of statutory interpretation that is separate from the issues under the insurance policy to be determined by the arbitration panel. As such, neither party will be unduly prejudiced in the arbitration by resolution of this issue. *See Constitution Associates v. New Hampshire Insurance Co., supra.*

Lastly, we reject mother's contention that because the arbitration panel is the final judge of both the facts and the law and is generally not bound to follow procedural or substantive rules of law, *see Cabus v. Dairyland Insurance Co.*, 656 P.2d 54 (Colo.App. 1982), the trial court exceeded its jurisdiction in ruling on the declaratory judgment action. As we determined above, the construction of § 13–21–201(1)(c) is separate from the issues to be resolved by the arbitration panel and is properly determined in a declaratory judgment action. *See Toncray v. Dolan*, 197 Colo. 382, 593 P.2d 956 (1979) (construction of a statute may be determined by declaratory judgment). Hence, the trial court did not invade the province of the arbitration panel in determining the effect of § 13–21–201(1)(c) on any arbitration award issued by the panel.

Therefore, in summary, we conclude that the trial court did not err in hearing the declaratory judgment action.

## II.

■ Because the parties were never married and the child lived nearly her entire life with mother, who continuously supported her without father's help, mother contends that the trial court erred in determining that any arbitration award must be divided equally. We are not persuaded.

■ Because a wrongful death action did not exist at common law, the statutes creating this remedy must be strictly construed. *See Whitenhill v. Kaiser Permanente*, 940 P.2d 1129 (Colo.App.1997).

Section 13–21–201(1)(c), C.R.S.1997, provides that suit may be maintained:

> If the deceased is an unmarried minor without descendants or an unmarried adult without descendants, by the father or mother who may join in the suit, *and each shall have an equal interest in the judgment;* or if either of them is dead, then by the surviving parent. (emphasis added)

Our primary task in interpreting a statute is to give effect to the intent of the General Assembly. To determine that intent, we examine the statutory language and give effect to the plain and ordinary meaning of the words used. If the General Assembly's intent may be so determined, we need not apply any other rules of construction. *Estate*

**532**

of *Kronemeyer v. Meinig,* 948 P.2d 119 (Colo. App.1997).

Here, the plain language of § 13–21–201(1)(c) clearly and unambiguously provides that the parents must share equally in any judgment. Nothing within the statute indicates that the General Assembly intended that a parent's interest in the judgment should be reduced because that parent did not have a close relationship with the minor child, failed to support the child, or otherwise abandoned or deserted the child.

While the inequity that may result here by application of the statute's express provision is disconcertingly obvious, we are, nevertheless, bound by the language of § 13–21–201, C.R.S.1997. Thus, any change must be made by the General Assembly. *See Smith v. Town of Snowmass Village,* 919 P.2d 868 (Colo.App.1996).

In this regard, we note that other states, by statute, have provided that a parent who abandons, deserts, or fails to support the minor child may not share in any judgment resulting from the child's death. *See generally,* E. Short, Annotation, *Parent's Desertion, Abandonment, or Failure to Support Minor Child as Affecting Right or Measure of Recovery for Wrongful Death of Child,* 53 A.L.R.3d 566 (1973); Note, *Parents Who Abandon or Fail to Support their Children and Apportionment of Wrongful Death Damages,* 27 Fam. L.J. 871 (1989). The General Assembly, however, has chosen not to enact such a limitation for actions involving § 13–21–201(1)(c) since its enactment in 1907, as it did for actions involving the statutes on intestate succession. *See* § 15–11–114, C.R.S.1997 (providing that a parent who fails to support a child may not inherit through or from the child).

Accordingly, absent such legislation, it would be inappropriate for a court to inquire into the worthiness or unworthiness of a particular parent in determining whether he or she is entitled to share in any judgment under § 13–21–201(1)(c). *See Spurling v. Johnson,* 747 S.W.2d 350 (Tenn.App.1987) (parent who failed to support child was not precluded from recovering under state's wrongful death statute); *Pogue v. Pogue,* 434 So.2d 262 (Ala.Civ.App.1983) (accord);

*Anderson v. Anderson,* 211 Tenn. 566, 366 S.W.2d 755 (1963) (accord); *Brady v. Fitzgerald,* 229 Miss. 67, 90 So.2d 182 (1956) (accord); *but see Sapp v. Solomon,* 252 Ga. 532, 314 S.E.2d 878 (1984) (holding that parent was not entitled to recover under wrongful death statute when parent failed to support child).

We therefore conclude that the trial court correctly determined that father and mother must share equally in any arbitration award.

The judgment is affirmed.

RULAND and VOGT, JJ., concur.